Docket No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------------------------------X
POLICE OFFICER VINCENT PINTO, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF
OF CURRENT AND FORMER NEW YORK CITY POLICE OFFICERS SIMILARLY
SITUATED AND AGGRIEVED BY THE DEFENDANTS,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW
YORK CITY POLICE PENSION FUND, "ABC AGENCIES/ENTITIES", names being
fictitious intended to be agencies, departments, subsidiaries, companies, organization, affiliates,
associations and/or entities of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT and/or THE NEW YORK CITY POLICE PENSION FUND, AND/OR "JOHN
DOES"    and    "JANE    DOES",    names    being    fictitious    intended    to    be
officers/representatives/agents/servants/employees of THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT and/or THE NEW YORK CITY POLICE PENSION
FUND, individually and in their respective official capacities,

Defendants,

-----------------------------------------------------------------------------------------------------------X


## SUMMONS IN A CIVIL ACTION AND COMPLAINT AND JURY DEMAND


**DRUMMOND & SQUILLACE, PLLC**
*Attorneys for Plaintiff*
**VINCENT PINTO**
**175-61 Hillside Avenue, Suite 205**
**Jamaica, NY 11432**
**(718) 298-5050; (718) 298-5554(fax)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------X
POLICE OFFICER VINCENT PINTO, IN HIS INDIVIDUAL CAPACITY
AND ON BEHALF OF CURRENT AND FORMER NEW YORK CITY
POLICE OFFICERS SIMILARLY SITUATED AND AGGRIEVED BY THE
DEFENDANTS,

Plaintiff,

**COMPLAINT
AND JURY
DEMAND**

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, THE NEW YORK CITY POLICE PENSION FUND,
"ABC AGENCIES/ENTITIES", names being fictitious intended to be agencies,
departments, subsidiaries, companies, organization, affiliates, associations and/or
entities of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT and/or THE NEW YORK CITY POLICE PENSION FUND,
AND/OR "JOHN DOES" and "JANE DOES", names being fictitious intended to be
officers/representatives/agents/servants/employees of THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT and/or THE NEW YORK CITY
POLICE PENSION FUND, individually and in their respective official capacities,

Defendants,

-------------------------------------------------------------------------------------------X

Plaintiff, New York City Police Officer VINCENT PINTO, (hereinafter "Plaintiff"), in

his individual capacity states as follows:

**INTRODUCTION**

1.    This is an action against Defendants to redress a pattern and practice of wrongful and

unlawful conduct by the Defendants including, but not limited to: denying Plaintiff's State and

Federal Constitutional Rights to Equal Protection of the Law in violation of the Fourteenth

Amendment of the Constitution of the United States of America; denial of Plaintiff's State and

Federal Constitutional Rights to Due Process of the Law; deprivation of Plaintiff's proprietary

interest in his acquired Retroactive Military Seniority Pension Credit without due process of law

1

in violation of Plaintiff's State and Federal Constitutional Rights; discrimination against Plaintiff based upon his service in the United States Armed Forces in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010, USERRA, 38 U.S.C. Sections 4301-4335 and unlawful and discriminatory denial of Plaintiff's entitled Retroactive Military Seniority Pension Credit upon entry of Plaintiff in the New York City Police Department and Defendants' continuing unlawful and discriminatory denial of same to Plaintiff to present date in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

3.     This is an action against Defendants further seeks to redress a pattern and practice of wrongful and unlawful conduct of the Defendants whose conduct includes a coordinated effort and a pattern of practice to unlawfully and discriminatorily deny Plaintiff his entitled Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010, and, Defendants' unlawful retaliatory and disparate treatment of Plaintiff based upon Plaintiff's service in the United States Armed Forces.

4.     The Defendants' unlawful, discriminatory, retaliatory, disparate treatment and otherwise improper and unlawful conduct towards Plaintiff commenced prior to Plaintiff joining the New York City Police Department and continued through to Plaintiff's entry/ joining of/in the New York City Police Department and has consistently continued thereafter to present date throughout Plaintiff's service/employment in the New York City Police Department, is continuing to present date and is expected to continue for the foreseeable future. That Defendants' unlawful, discriminatory, disparate and retaliatory conduct and treatment towards Plaintiff as a result of the

2

Plaintiff's continued service in the United States Armed Forces is further in violation of New York State Human Rights Law Sections 290-297.

5.      From prior to the commencement of Plaintiff's employment with the New York City Police Department, at the commencement of the Plaintiff's employment with the New York City Police Department, throughout the Plaintiff's employment with the New York City Police Department and continuing to date and without this Court's intervention it is expected to continuing into the foreseeable future, the Defendants have consistently subjected the Plaintiff to discriminatory and disparate treatment in violation of both the New York State Constitution and the Constitution of the United States of America based upon the fact that Plaintiff was a member of the United States Armed Forces prior to Plaintiff entering the New York City Police Department, based upon the fact that the Plaintiff is a member of the United States Military Reserves and based upon the Plaintiff's continued service in the United States Army Reserves to which Plaintiff complained to the City of New York, the New York City Police Department and to his Chain of Command in the New York City Police Department and the New York City Pension Fund, but to no avail.

6.      Plaintiff asserts and claims herein that Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE NEW YORK CITY POLICE PENSION FUND unlawfully and discriminatorily denied, and continue to deny to present date, Plaintiff's entitled, and due and owing to him, Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA) as Defendants acted and continue to act to present date with deliberate indifference to the rights of

3

Plaintiff and/or have and continue to unlawfully subject Plaintiff to disparate treatment based upon Plaintiff's original entry into the United States Armed Forces and based upon Plaintiff's continued service in the United States Armed Forces.

7.      Plaintiff further claims herein that Defendants, their servants, agents and/or employees unlawfully denied Plaintiff his rights herein based upon Plaintiff's original service in the United State Military, based upon Plaintiff's Service in the United States Army Reserves and based upon Plaintiff's continued service in the United States Armed Forces and/or in unlawful retaliation against Plaintiff because Plaintiff exercised his right to register complaints with the Defendants as to the foregoing.

8.      Plaintiff repeatedly and continuously requested his Retroactive Military Seniority Pension Credit from Defendants and Plaintiff continuously and repeatedly complained and/or registered complaints with Defendants as to Defendants' repeated and continuing unlawful denial to Plaintiff of Plaintiff's Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA). Plaintiff registered complaints with Defendants about Defendants' unlawful denial of his Retroactive Military Seniority Pension Credit when Plaintiff initially entered the New York City Police Department and continuously throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020 but to no avail as Defendants continue to unlawfully deny Plaintiff same including as recent as Defendants' denial on or about March 3, 2020.

4

9.      Despite Plaintiff's repeated and continuous requests of Defendants to grant Plaintiff his Retroactive Military Seniority Pension Credit, which Plaintiff requested when he was initially employed by the New York City Police Department and continued to request throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020 and continuing to date, Defendants denied Plaintiff his Retroactive Military Seniority Pension Credit back at the time of Plaintiff's initial employment with the New York City Police Department and continuously throughout Plaintiff's employment with the New York City Police Department with a recent denial of March 3, 2020 and continuing to date - in repeated and continuing violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

10.     Plaintiff's claims herein arose from on or about July 1, 2002 - the date on which but for Plaintiff's military service he would have actually started serving as a New York City Police Officer and the date from which Defendants should have retroactively hired Plaintiff to serve as a Police Officer in/with the New York City Police Department, and continue therefrom without interruption to the date of the commencement of the within Action, and, it is reasonably expected to continue without interruption into the foreseeable future as Plaintiff was and remains entitled to his right to be credited with Retroactive Military Seniority Pension Credit for his military service or to an equated retirement date – the same Retroactive Military Seniority Pension Credit that, despite Plaintiff's repeated demands for same with/of/from Defendants, and despite Plaintiff's complaints to Defendants and to their respective chains of command about same, Defendants have and continue to unlawfully and continuously deny Plaintiff for his military

service.

11.     On or about the year of 2001 to 2002, while serving on Active Federal Military Duty in the United States Army, Plaintiff took the New York City Department of Citywide Services (DCAS) written exam number 1003 for service in the New York City Police Department as a New York City Police Officer.

12.     Plaintiff successfully passed the foregoing exam and Defendants placed Plaintiff on a special military list after Plaintiff successfully obtained a passing grade on same examination and, but for being on Active Military Duty Service in the United States Army at that time, Plaintiff would have been hired and would have entered the New York City Police Department Police Academy on July 1, 2002.

13.     Plaintiff was Honorably released/discharged from Active Federal Military Duty Service with/for the United States Army in November 2003 and, within the required time period, Plaintiff made and/or submitted the required documents and requests and further completed the remaining aspects/parts of the New York City Department of Citywide Services Examination while on transitional United States Military leave.

14.     Plaintiff was subsequently hired by Defendants the City of New York and the New York City Police Department as a Police Officer on January 20, 2004, however, Defendants the City of New York and the New York City Police Department should have, at that time, retroactively reflected that Plaintiff's hired/start date was July 1, 2002 as Defendants at that time knew and had reasons to know that Plaintiff was eligible for and lawfully entitled to Retroactive Military Seniority Pension Credit.

15.     It was due to the fact that Plaintiff was serving on Active Duty in the United States Military/Armed Forces to wit:  the United States Army, that caused Plaintiff not to actually start,

to be hired and/or to enter the New York City Police Academy on July 1, 2002 and, on January 20, 2004 and continuously to present date, Defendants knew and/or had reasons to know that it was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from presenting himself for hire by Defendants the City of New York and the New York City Police Department, from entering the New York City Police Department Police Academy on July 1, 2002 and from being a member/beneficiary of Defendant the New York City Police Pension Fund as of July 1, 2002.

16.     Based upon the fact that Defendants knew and/or had reasons to know of the foregoing, based upon the fact that Defendants were and are under a lawful obligation to follow and adhere to applicable State and Federal laws that were and are enacted to protect Members of the United States Armed Forces, based on the documents that Plaintiff produced/provided to Defendants at the time that Defendants hired Plaintiff and based upon Plaintiff's repeated requests for his entitled Retroactive Military Seniority Pension Credit from when Plaintiff first was hired by Defendants in on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants, including as recent as January 2020 and on or about February 18, 2020, Defendants should have and were/are under a duty to retroactively document and credit Plaintiff with a hire/start date of July 1, 2002.

17.     In defiance of applicable State and Federal laws designed and intended to protect Members of the United States Armed Forces, including Plaintiff, prior to September 2014, Defendants did not have an established form or mechanism for New York City Police Officers such as Plaintiff, who had served on Active Duty Military Service in the United States Armed Forces and whose Military Service adversely affected the rights and privileges that Plaintiff otherwise would have received and was used by Defendants to deny Plaintiff the same Rights and

Privileges that he was otherwise entitled to as a member of the New York City Police Department, to receive Retroactive Military Seniority Pension Credit.

18.     Due to Defendants' intentional refusal, defiance and unwillingness to comply with applicable State and Federal Laws which were enacted to protect some of the Rights and Privileges of Members of the United States Armed Forces, including Plaintiff, whose Active Duty Military Service adversely affected some of the rights and privileges that Plaintiff was entitled to, Plaintiff was not afforded any procedural means by Defendants by which Plaintiff could register formal complaints and/or compel Defendants to grant Plaintiff the Retroactive Military Seniority Credit he was and remains entitled to; as Plaintiff's continuous and repeated requests for same and his registered complaints with Defendants/Defendants' chain of command about Defendants' continuous denial of same have been, since inception to present date, to no avail.

19.     After repeated complaints by Plaintiff and/or other Members of the New York City Police Department who were members of the United States Armed Forces and/or former Members of the United States Armed Forces and who were entitled to receive Retroactive Military Seniority Credit but were denied same by Defendants, PPF 47 was established as a result of the foregoing deficiency with the intent to rectify the foregoing as a means of assessing whether a New York City Police Officer who had served and/or was serving in the United States Armed Forces may be entitled to Retroactive Military Seniority Credit.

20.     On or about 2014 to early 2015, at a New York City Police Department sponsored Military Seminar which was conducted by the New York City Police Pension Fund's General Counsel, Plaintiff learned that Defendants had failed to comply with the lawful legal obligation to comply with applicable State and Federal Laws to protect Active Duty Service Members in the New York City Police Department, including Plaintiff, who were adversely impacted in

8

retroactively attaining their entitled and earned seniority credit, and had further learned that Defendants had then designed a process of assessing whether Plaintiff and other New York City Police Officers similarly situated as Plaintiff were denied Retroactive Military Seniority Pension Credit.

21.     On or about 2014 or early 2014, Plaintiff, through his own initiative, applied for and obtained a favorable determination by the New York City Department of Citywide Services and, in or about February 2015, DCAS advised and informed Plaintiff that his request regarding a determination of his rights under Section 243 of the New York State Military Law had been reviewed and approved.  DCAS further advised Plaintiff that his name was placed on a special military list for the above-mentioned examination and that he would be assigned a retroactive seniority of July 1, 2002; this retroactive seniority date is used to the purpose of computing seniority credit, training and experience credit for promotion and seniority in the event of suspension or demotion.  DCAS further advised Plaintiff that Defendants the New York City Police Department and the New York City Police Pension Fund would be notified of this change of his retroactive seniority date of July 1, 2002.

22.     Plaintiff submitted/provided the foregoing DCAS Retroactive Military Seniority Pension Credit approval to the New York City Police Department Military Extended Leave Desk (MELD) on or about March 2, 2015 where Plaintiff personally hand delivered same to the New York City Police Pension Fund.  In addition, in April of 2015, Plaintiff personally filled out the required forms to request his Retroactive Seniority credit from/by Defendants.

23.     Thereafter, recognizing that Defendants had not complied with granting him his entitled Retroactive Military Seniority Pension Credit, and after Plaintiff had not received from Defendants his entitled credit and/or confirmation of his Retroactive Military Seniority Pension

Credit, Plaintiff personally made repeated follow-up visits to Defendant the New York City Police Pension Fund, including as recent as January 2020, where Defendants informed Plaintiff that Plaintiff's request for Retroactive Military Seniority Pension Credit, even though approved by DCAS, was/is being held without action or formal decision, as is being held for other New York City Police Officers similarly situated as Plaintiff, and that the decision by Defendants not to act on Plaintiff's request was pursuant to Executive Decision by Defendants.

24.　　In or about March of 2019, Plaintiff forwarded the foregoing February 2015 DCAS approval, via certified mail return receipt requested with tracking number 951081-4887759058427701, to the Director of Defendant the New York City Police Pension Fund and, in addition to the foregoing, Plaintiff continuously and repeatedly made follow-up visits with Defendants and specifically with Defendant the New York City Police Pension Fund, including as recent as January and February of 2020, to request and demand his Retroactive Military Seniority Credit and to register complaints about Defendants' continuous and repeated denial of same to Plaintiff.　Despite the DCAS Retroactive Military Seniority Pension Credit approval correspondence, despite Plaintiff's repeated requests and demands for same, and despite Plaintiff's complaints about Defendants' continuous and repeated denials of same, Defendants continue to present date to unlawfully deny Plaintiff his lawful entitlement to Retroactive Military Seniority Pension Credit and/or to an equated retirement date.

25.　　Based upon information and belief, there are hundreds and potentially thousands of current and/or former New York City Police Officers similarly situated as Plaintiff who are and/were unlawfully denied and/or are currently being denied their respective Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 **and** in violation of

10

the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

26.     Based upon information and belief, Defendants did not establish, do not have and do not intend to establish or have a policy and/or procedure of identifying and/or notifying former and/or current New York City Police Officers who were adversely affected by same Defendants' intentional failure to follow applicable State and Federal laws of granting Retroactive Military Seniority Pension Credit to former and/or current New York City Police Officers, like Plaintiff, who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation **of** the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

27.     Defendants knew, had reasons to know and were informed by Plaintiff as early as on or about January 20, 2004 and continuously to present date, including as recent as January and/or February of 2020, that Plaintiff was entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff his entitled Retroactive Military Seniority Pension Credit.

28.     Based upon information and belief, Defendants are aware, have actual and constructive notice of, have identified, should be aware of and/or are readily capable of identifying those current and former New York City Police Officers, like Plaintiff and like those who are similarly situated to Plaintiff herein, who are lawfully entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff, as well as other New York City Police Officers similarly situated as Plaintiff, his/their entitlement to his Retroactive Military Seniority Pension Credit.

29.     After Plaintiff complained to Defendants that Plaintiff was being denied his Retroactive Military Seniority Pension Credit, in response to same, and in addition to continuing to deny him his entitled Retroactive Military Seniority Pension Credit, Defendants subjected Plaintiff to unlawful retaliation in that Defendants, acting in concert each with the other and within the scope of their employment, embarked upon a systematic and coordinated effort to deny Plaintiff his right to the enjoyment of life, to wit:   Defendants denied Plaintiff's transfer requests to more suitable and/or preferable duty assignments within the New York City Police Department; denied Plaintiff leave requests, denied Plaintiff overtime requests and otherwise denied Plaintiff a non-hostile work environment.

30.     On or about February 18, 2020, Plaintiff served a Notice of Claim on Defendants which states, details, alleges, claims, informs and gives Defendants notice of the wrongs and unlawful acts/conduct that was caused to be visited upon Plaintiff by Defendants that give rise to the within action including. but not limited to. Defendants' intentional failure to follow applicable State and Federal laws of granting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to other former and/or current New York City Police Officers, who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.  Annexed hereto as Exhibit "A" is a copy of Plaintiff's Notice of Claim.

31.     Further, in same Notice of Claim, Plaintiff notified Defendants that Plaintiff "...presents this Claim for adjustment and payment." and to date, the Defendants have failed to adjust Plaintiff's Claim and have further failed to conduct a General Municipal Law 50(h) hearing-thereby waiving same.

32.      As a direct and proximate result of Defendants' actions, inactions, conduct, failures, omission and violations herein and, as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein including, but not limited to:  loss of income, loss of entitlement, loss of title/rank/position, loss of benefits, loss of pension, loss of pension credit, loss of Retroactive Pension Credit, loss of seniority, loss of equated retirement date and/or is otherwise damaged and continues to be damaged herein.

33.      As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered and continues to suffer mental anguish, loss of the enjoyment of life, emotional distress, (both intentional and negligent), deprivation of his civil rights and loss of income and retirement benefits, rights and privileges.

34.      That at all relevant times herein mentioned, Defendants either individually/personally or through their employees, were acting under color of state law, acting in concert each with the other and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of New York, the New York City Police Department and/or the New York City Police Pension Fund when same Defendants engaged in the herein mention unlawful and discriminatory acts and practice against Plaintiff.

35.      In addition to the facts alleged in the foregoing and following subparagraphs, Defendants, are sued in their individual capacities and in their respective official capacities as agents, servants, licensees and/or employees of Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund for the purpose of the within action and, at all relevant times herein alleged, they acted within the scope of their employment as agents, servants, licensees and/or employees of Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund.

13

36.     Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund each individually employ more than fifteen (15) employees and is an "employer" as defined by the Uniformed Services Employment and Reemployment Rights Action of 1994 (USERRA), 38 U.S.C. Sections 4301-4335, New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 the New York Executive Law Art. 15 (NY Human Rights Law), the New York State Human Rights Law Sections 290-297and/or the laws of the State of New York and the United States of America.

## JURISDICTION

37.     This action is brought pursuant to the Fourteenth Amendment to the United States Constitution and pursuant to 28 U.S.C. §§ 1331 and 1343, Title VII of the Civil Rights Act of 1964, the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA -38 U.S.C. Sections 4301-4335), New York State Military Law Section 243(7)(7b) as supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, New York Executive Law Art. 15 (NY Human Rights Law), New York State Human Rights Law Sections 290-297 and New York State Law Section 215-a. Defendants' conduct violates all of the foregoing and further violates the United States Constitution and the Constitution and the laws of the State of New York.

Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(1-4) and 2202. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate the within pendent state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

38.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(c) in that Defendant the City of New York is a municipal corporation that resides in the Southern

District of New York. Further, venue is properly laid in the Southern District of New York under

28 U.S.C. Section 1391(b) and as a substantial amount of the events complained of herein occurred

within the Southern District of New York.

## PARTIES

39.    Plaintiff is a male Caucasian of Italian National Origin, is a Police Officer in/with

the New York City Police Department with over Fifteen (15) years of Honorable Service and is a

Non-Commissioned Officer in the United States Armed Forces Reserves with over Fifteen (15)

years of Honorable Service.

40.    Plaintiff is a Citizen of the United States and, at all relevant times herein, is a

resident of the State of New York.

41.    Plaintiff's claims herein arose from on or about July 1, 2002 - the date on which

but for Plaintiff's military service he would have actually started serving as a New York City

Police Officer and the date from which Defendants should have retroactively hired Plaintiff to

serve as a Police Officer in/with the New York City Police Department, and continue therefrom

without interruption to the date of the commencement of the within Action, and, it is reasonably

expected to continue without interruption into the foreseeable future as Plaintiff was and remains

entitled to his right to be credited with Retroactive Military Seniority Pension Credit for his

military service or to an equated retirement date – the same Retroactive Military Seniority Pension

Credit that, despite Plaintiff's repeated demands for same with/of/from Defendants, and despite

Plaintiff's complaints to Defendants and to their respective chains of command about same,

Defendants have and continue to unlawfully and continuously deny Plaintiff for his military

service.

42.    On or about the year of 2001 to 2002, while serving on Active Federal Military

Duty in the United States Army, Plaintiff took the New York City Department of Citywide Services (DCAS) written exam number 1003 for service in the New York City Police Department as a New York City Police Officer.

43.    Plaintiff successfully passed the foregoing exam and Defendants placed Plaintiff on a special military list after Plaintiff successfully obtained a passing grade on same examination and, but for being on Active Military Duty Service in the United States Army at that time, Plaintiff would have been hired and would have entered the New York City Police Department Police Academy on July 1, 2002.

44.    Plaintiff was Honorably released/discharged from Active Federal Military Duty Service with/for the United States Army in November 2003 and, within the required time period, Plaintiff made and/or submitted the required documents and requests and further completed the remaining aspects/parts of the New York City Department of Citywide Services Examination while on transitional United States Military leave.

45.    Plaintiff was subsequently hired by Defendants the City of New York and the New York City Police Department as a Police Officer on January 20, 2004, however, Defendants the City of New York and the New York City Police Department should have, at that time, retroactively reflected that Plaintiff's hired/start date was July 1, 2002 as Defendants at that time knew and had reasons to know that Plaintiff was eligible for and lawfully entitled to Retroactive Military Seniority Pension Credit.

46.    It was due to the fact that Plaintiff was serving on Active Duty in the United States Military/Armed Forces to wit:  the United States Army, that caused Plaintiff not to actually start, to be hired and/or to enter the New York City Police Academy on July 1, 2002 and, on January 20, 2004 and continuously to present date, Defendants knew and/or had reasons to know that  it

16

was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from presenting himself for hire by Defendants the City of New York and the New York City Police Department, from entering the New York City Police Department Police Academy on July 1, 2002 and from being a member/beneficiary of Defendant the New York City Police Pension Fund as of July 1, 2002.

47.     Plaintiff is a male Caucasian of Italian National Origin and was and is a Member of the United States Armed Forces and, as such, is a member of a protected class under the laws and Constitution of the United States of America and the laws and Constitution of the State of New York.

48.     Plaintiff is a New York City Police Department Officer and has been employed by/with Defendants the City of New York and the New York City Police Department since January 20, 2004 and, as such, should have been granted Retroactive Military Seniority Pension Credit to reflect his date of employment with the New York City Police Department being July 1, 2002. At all relevant times herein mentioned, despite acknowledging the foregoing and despite Plaintiff's repeated requests and complaints to Defendants, including as recent as January and February of 2020, that Defendants have failed/refused to grant Plaintiff the Retroactive Military Seniority Pension Credit he is entitled to, Defendants have intentionally denied and continued to deny Plaintiff same to present date.

49.     Defendant the CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and of the City of New York.

50.     Defendant the CITY OF NEW YORK maintains, supervises, oversees, controls, governs and/or manages Defendants the New York City Police Department, a duly authorized

17

public authority, agency and/or Police Department, authorized to perform all functions of a Police Department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, Defendant the City of New York.

51.     Defendant the CITY OF NEW YORK maintains, supervises, oversees, controls, governs and/or manages Defendants the New York City Police Pension Fund, a duly authorized public authority, agency and/or department, authorized to perform all functions of a Police Pension Fund as per the applicable sections of the New York State and/or New York City and/or New York City Police Pension laws, rules, codes, regulations and/or ordinances, acting under the direction and supervision of the aforementioned municipal corporation, Defendant the City of New York.

52.     Defendant the NEW YORK CITY POLICE PENSION FUND is a duly authorized entity and/or public authority, agency and/or office/entity acting under the direction and supervision of the aforementioned municipal corporation and as agent of/for Defendants the City of New York and the New York City Police Department, whose duty and responsibilities include, but are not limited to, processing and granting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to/for other former and/or current New York City Police Officers who are entitled to same and who are/were adversely affected by Defendants' violations of the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

53.     Defendant the NEW YORK CITY POLICE PENSION FUND is an agency of Defendants the City of New York and/or the New York City Police Department, existing and operating by virtue of the laws of the State of New York and the City of New York.

54.    Defendant the NEW YORK CITY POLICE DEPARTMENT is an agency, entity, department of Defendant the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York, whose duty and responsibilities include, but are not limited to, identifying, processing, granting, facilitating, noting and/or crediting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to/for other former and/or current New York City Police Officers who are entitled to same and who are/were adversely affected by Defendants' violations of the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

55.    Defendants "ABC AGENCIES/ENTITIES", names being fictitious are intended to be and are agencies, departments, subsidiaries, companies, organization, affiliates, associations and/or entities of Defendants the City of New York, the New York City Police Department and/or the New York City Police Pension Fund, individually and in their official capacity and/or as agents, servants, employees in their respective official capacity with all the actual and/or perceived/apparent authority granted, allotted, entrusted to them by the City of New York, by the New York City Police Department and/or the New York City Police Pension Fund in accordance with their official duties and titles, whose duty and responsibilities include, but are not limited to, identifying, processing, granting, facilitating, noting and/or crediting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to/for other former and/or current New York City Police Officers who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

56.    Defendants "JOHN DOES" and "JANE DOES", names being fictitious are intended to be officers/representatives/agents/servants of Defendants the City of New York, the New York City Police Department and/or New York City Police Pension Fund, individually and in their official capacity and/or as agents, servants, employees in their respective official capacity with all the actual and/or perceived/apparent authority granted, allotted, entrusted to them by the City of New York, New York City Police Department and/or New York City Police Pension Fund in accordance with their official duties and titles, whose duty and responsibilities include, but are not limited to, identifying, processing, granting, facilitating, noting and/or crediting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to/for other former and/or current New York City Police Officers who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

57.    That at all relevant times herein mentioned, Defendants either individually/personally or through their employees/agents/servants, were acting under color of state law, acting in concert each with the other and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State and/or City of New York when they engaged in the herein mention unlawful and discriminatory acts and practice against Plaintiff.

58.    In addition to the facts alleged in the foregoing and following subparagraphs, Defendants are sued in their individual capacities and in their respective official capacities as agents, servants, licensees and/or employees of Defendants the City of New York, the New York City Police Department and/or the New York City Police Pension Fund and, for the purpose of the

within action and at all times herein alleged, they acted within the scope of their employment as agents, servants, licensees and/or employees of Defendants the City of New York, the New York City Police Department and/or the New York City Police Pension Fund.

59.    That at all relevant times herein mentioned, it is the custom and practice of Defendants to discriminate against individuals like Plaintiff, who have served and/or are serving in the United States Armed Forces, and specifically to intentionally deny Plaintiff, and other New York City Police Officers similarly situated as Plaintiff, his entitled Retroactive Military Seniority Pension Credit, in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

60.    That at all relevant times herein mentioned, it is the custom and practice of the Defendants to discriminate against, create an unlawful hostile work environment for, unlawfully retaliate against and unlawfully and disparately treat individuals like Plaintiff herein, in violation of: the laws and the Constitution of the State of New York and the laws and the Constitution of the United States of America; Plaintiff's State and Federal Constitutional Rights to Equal Protection as guaranteed by the Fourteenth Amendment of the Constitution of the United States of America; the New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010.

61.    That at all relevant times herein mentioned, it is the custom and practice of Defendants to discriminate against individuals and to deprive individuals, like Plaintiff, of his/their proprietary interest in acquired Retroactive Military Seniority Pension Credit without due process of law in violation of Plaintiff's State and Federal Constitutional Rights herein.

21

62.     That at all relevant times herein mentioned, it is the custom and practice of Defendants to discriminate against Plaintiff, and against other New York City Police Officers similarly situated as Plaintiff, based upon Plaintiff's former and/or current service in the United States Armed Forces in violation of 38 U.S.C. Sections 4301-4335, the Uniformed Services Employment and Re-Employment Rights Act of 1994 (USERRA) as Amended in 2010 and in further violation of: the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

## NOTICE OF CLAIM

63.     Plaintiff, in furtherance of his causes of action and claims herein, timely filed a Notice of Claim against Defendants on February 18, 2020 in compliance with General Municipal Law Section 50.

64.     More than 30 days have elapsed since service of said Notice of Claim and the Defendants have failed to pay or adjust the Plaintiffs claim.  Defendants have further failed to conduct any hearing of Plaintiff pursuant to General Municipal Law Section 50(h) and, as such, have waived their right to same.

65.     That Plaintiff has complied with all conditions precedent and requirements herein including, but not limited to, a Notice of Claim and compliance with General Municipal Law 50.

66.     That this action has been commenced within one year and ninety days after the happening of the events, as stated in said Notice of Claim, upon which these claims arise.

## JURY DEMAND

67.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL AND GENERAL ALLEGATIONS

68.     On or about the year of 2001 to 2002, while serving on Active Federal Military Duty in the United States Army, Plaintiff took the New York City Department of Citywide Services (DCAS) written exam number 1003 for service in the New York City Police Department as a New York City Police Officer.

69.     Plaintiff successfully passed the foregoing exam and Defendants placed Plaintiff on a special military list after Plaintiff successfully obtained a passing grade on same examination and, but for being on Active Military Duty Service in the United States Army at that time, Plaintiff would have been hired and would have entered the New York City Police Department Police Academy on July 1, 2002.

70.     Plaintiff was Honorably released/discharged from Active Federal Military Duty Service with/for the United States Army in November 2003 and, within the required time period, Plaintiff made and/or submitted the required documents and requests and further completed the remaining aspects/parts of the New York City Department of Citywide Services Examination while on transitional United States Military leave.

71.     Plaintiff was subsequently hired by Defendants the City of New York and the New York City Police Department as a Police Officer on January 20, 2004, however, Defendants the City of New York and the New York City Police Department should have, at that time, retroactively reflected that Plaintiff's hired/start date was July 1, 2002 as Defendants at that time knew and had reasons to know that Plaintiff was eligible for and lawfully entitled to Retroactive Military Seniority Pension Credit.

72.     Defendants knew and had reasons to know based upon applicable Federal and State Laws, and based upon the documents that Plaintiff provided to Defendants prior to and on or about

January 20, 2004, that Plaintiff was entitled to and that Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit. Despite knowing the foregoing, Defendants denied and continue to deny Plaintiff same to present date in violation of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010.

73.     It was due to the fact that Plaintiff was serving on Active Duty in the United States Military/Armed Forces to wit: the United States Army, that caused Plaintiff not to actually start, to be hired and/or to enter the New York City Police Academy on July 1, 2002 and, on January 20, 2004 and continuously to present date, Defendants knew and/or had reasons to know that it was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from presenting himself for hire by Defendants the City of New York and the New York City Police Department, from entering the New York City Police Department Police Academy on July 1, 2002, and, from being a member/beneficiary of Defendant the New York City Police Pension Fund as of July 1, 2002.

74.     On January 20, 2004 and prior thereto, Defendants knew and had reasons to know that Plaintiff was entitled to and eligible to receive Retroactive Military Seniority Pension Credit.

75.     On January 20, 2004, Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit and to reflect Plaintiff's date of employment with Defendants the City of New York and the New York City Police Department as being July 1, 2002; thereby rendering Plaintiff eligible and entitled to all rights and benefits relative to and from Defendant the New York City Police Pension Fund.

76.     Plaintiff repeatedly and continuously requested his Retroactive Military Seniority

Pension Credit from Defendants and Plaintiff continuously and repeatedly complained and/or registered complaints with Defendants as to Defendants' repeated and continuing unlawful denial to Plaintiff of Plaintiff's Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010. Plaintiff registered complaints with Defendants about Defendants' unlawful denial of his Retroactive Military Seniority Pension Credit when Plaintiff initially entered the New York City Police Department and continuously throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020 but, to no avail, as Defendants continue to unlawfully deny Plaintiff same including as recent as Defendants' denial on or about March 3, 2020.

77.    Despite Plaintiff's repeated and continuous requests of Defendants to grant Plaintiff his Retroactive Military Seniority Pension Credit, which Plaintiff requested when he was initially employed by the New York City Police Department and continued to request throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020 and continuing to date, Defendants denied Plaintiff his Retroactive Military Seniority Pension Credit back at the time of Plaintiff's initial employment with the New York City Police Department and continuously throughout Plaintiff's employment with the New York City Police Department, with a recent denial of March 3, 2020 and continuing to date - in repeated and continuing violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of

the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

78.    Defendants' act in denying, and continuing to present date to deny, Plaintiff Retroactive Military Seniority Pension Credit is in violation of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010. Defendants' unlawful denial commenced on or about January 20, 2004, has continued to present date, is continuous from same date without interruption to the date of the commencement of the within Action and, is reasonably expected to continue without interruption into the foreseeable future.

79.    That at all relevant times herein mentioned, Plaintiff was entitled and remains entitled to his right to be credited with Retroactive Military Seniority Pension Credit for his military service, or, to an equated retirement date – the same Retroactive Military Seniority Pension Credit that, despite Plaintiff's repeated demands for same with/of/from Defendants, and despite Plaintiff's complaints to Defendants and to their respective chains of command about same, Defendants have and continue to unlawfully and continuously deny Plaintiff herein for his military service.

80.    Based upon the fact that Defendants knew and/or had reasons to know of the foregoing, based upon the fact that Defendants were and are under a lawful obligation to follow and adhere to applicable State and Federal laws that were and are enacted to protect Members of the United States Armed Forces, based on the documents that Plaintiff produced/provided to Defendants at the time that Defendants hired Plaintiff and based upon Plaintiff's repeated requests for his entitled Retroactive Military Seniority Pension Credit from when Plaintiff first was hired

by Defendants in on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants, including as recent as January 2020 and on or about February 18, 2020, Defendants should have and were/are under a duty to retroactively document and credit Plaintiff with a hire/start date of July 1, 2002.

81.     In defiance of applicable State and Federal laws designed and intended to protect Members of the United States Armed Forces, which includes Plaintiff, prior to September 2014, Defendants did not have an established form or mechanism for New York City Police Officers such as Plaintiff, who had served on Active Duty Military Service in the United States Armed Forces and whose Military Service adversely affected the rights and privileges that Plaintiff otherwise would have received and was used by Defendants to deny Plaintiff the same Rights and Privileges that he was otherwise entitled to as a member of the New York City Police Department, to receive Retroactive Military Seniority Pension Credit.

82.     Due to Defendants' intentional refusal, defiance and unwillingness to comply with applicable State and Federal Laws which were enacted to protect some of the Rights and Privileges of Members of the United States Armed Forces, including Plaintiff, whose Active Duty Military Service adversely affected some of the rights and privileges that Plaintiff was entitled to, Plaintiff was not afforded any procedural means by Defendants by which Plaintiff could register formal complaints and/or compel Defendants to grant Plaintiff the Retroactive Military Seniority Pension Credit he was and remains entitled to; as Plaintiff's continuous and repeated requests for same and his registered complaints with Defendants/Defendants' chain of command about Defendants' continuous denial of same have been, since inception to present date, to no avail.

83.     After repeated complaints by Plaintiff and/or other Members of the New York City Police Department who were members of the United States Armed Forces and/or former Members

27

of the United States Armed Forces and who were entitled to receive Retroactive Military Seniority Pension Credit but were denied same by Defendants, PPF 47 was established as a result of the foregoing deficiency with the intent to rectify the foregoing as a means of assessing whether a New York City Police Officer who had served and/or was serving in the United States Armed Forces may be entitled to Retroactive Military Seniority Pension Credit.

84.     On or about 2014 to early 2015, at a New York City Police Department sponsored Military Seminar which was conducted by the New York City Police Pension Fund's General Counsel, Plaintiff learned that Defendants had failed to comply with the lawful legal obligation to comply with applicable State and Federal Laws to protect Active Duty Service Members in the New York City Police Department, including Plaintiff, who were adversely impacted in retroactively attaining their entitled and earned seniority credit, and had further learned that Defendants had then designed a process of assessing whether Plaintiff and other New York City Police Officers similarly situated as Plaintiff were denied Retroactive Military Seniority Pension Credit.

85.     On or about 2014 or early 2014, Plaintiff, through his own initiative, applied for and obtained a favorable determination by the New York City Department of Citywide Services (DCAS) who informed Plaintiff, in or about February 2015, that his request regarding a determination of his rights under Section 243 of the New York State Military Law had been reviewed and approved. In or about February 2015, DCAS further advised Plaintiff that his name was placed on a special military list for the above-mentioned examination and that he would be assigned a retroactive seniority of July 1, 2002; this retroactive seniority date is used to the purpose of computing seniority credit, training and experience credit for promotion and seniority in the event of suspension or demotion. DCAS further advised Plaintiff that Defendants the New York

City Police Department and the New York City Police Pension Fund would be notified of his approved retroactive seniority date of July 1, 2002.

86.     Plaintiff     submitted     the     foregoing     February     2015     DCAS notification/advisement/approval to the New York City Police Department Military Extended Leave Desk (MELD) on or about March 2, 2015, where Plaintiff personally hand delivered same to the New York City Police Pension Fund and, further, Plaintiff personally filled out the required forms to request Retroactive Military Seniority credit in April of 2015.

87.     Thereafter, recognizing that Defendants had not complied with granting him his entitled Retroactive Military Seniority Pension Credit, and after Plaintiff had not received from Defendants his entitled credit and/or confirmation of Retroactive Military Seniority Pension Credit, Plaintiff personally made repeated follow-up visits to Defendant the New York City Police Pension Fund, including as recent as January 2020, where Defendants informed Plaintiff that Plaintiff's request for Retroactive Military Seniority Pension Credit, even though approved by DCAS, was/is being held without action or formal decision, as is being held for other New York City Police Officers similarly situated as Plaintiff, and that the decision by Defendants not to act on Plaintiff's request was pursuant to Executive Decision by Defendants.

88.     In or about March of 2019, Plaintiff forwarded the foregoing DCAS approval, via certified mail return receipt requested with tracking number 951081-4887759058427701, to the Director of Defendant the New York City Police Pension Fund and, in addition to the foregoing, Plaintiff continuously and repeatedly made follow-up visits with Defendants and specifically with Defendant the New York City Pension Fund, including as recent as January and February of 2020 to request and demand his Retroactive Military Seniority Pension Credit and to register complaints about Defendants' continuous and repeated denial of same to Plaintiff. Despite the February 2015

DCAS Retroactive Military Seniority Credit approval, despite Plaintiff's repeated requests and demands for same, and despite Plaintiff's complaints about Defendants' continuous and repeated denials of same, Defendants continue to present date to unlawfully deny Plaintiff his lawful entitlement to Retroactive Military Seniority Pension Credit and/or to an equated retirement date.

89.    From prior to the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, at the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, throughout Plaintiff's employment with Defendants the City of New York and the New York City Police Department, and continuing to date, and without this Court's intervention it is expected to continue into the foreseeable future, Defendants have consistently subjected Plaintiff to discriminatory and disparate treatment in violation of both the New York State Constitution and the Constitution of the United States of America based upon: the fact that Plaintiff was a member of the United States Armed Forces prior to Plaintiff entering the New York City Police Department; the fact that Plaintiff is a member of the United States Military Reserves, and, based upon Plaintiff's continued service in the United States Army Reserves.

90.    That at all relevant times herein mentioned, Plaintiff complained and registered complaints about the foregoing discriminatory and disparate treatment, and about the unlawful denials of his entitled Retroactive Military Seniority Pension Credit and/or to an equated retirement date, to/with Defendants the City of New York, the New York City Police Department, to Plaintiff's Chain of Command in the New York City Police Department and to the New York City Police Pension Fund, but, to no avail.

91.    Based upon information and belief, there are hundreds and potentially thousands of current and/or former New York City Police Officers similarly situated as Plaintiff who are

and/were unlawfully denied and/or are currently being denied their respective Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

92.    Based upon information and belief, Defendants did not establish, do not have and do not intend to establish or have a policy and/or procedure of identifying and/or notifying former and/or current New York City Police Officers who were adversely affected by same Defendants' intentional failure to follow applicable State and Federal laws of granting Retroactive Military Seniority Pension Credit to former and/or current New York City Police Officers, like Plaintiff, who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010.

93.    Defendants knew, had reasons to know and were informed by Plaintiff as early as on or about January 20, 2004 and continuously to present date, including as recent as January and/or February of 2020, that Plaintiff was entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff his entitled Retroactive Military Seniority Pension Credit.

94.    Based upon information and belief, Defendants are aware, have actual and constructive notice of, have identified, should be aware of and/or are readily capable of identifying those current and former New York City Police Officers, like Plaintiff and like those who are similarly situated to Plaintiff herein, who are lawfully entitled to and eligible to receive

31

Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff, as well as other New York City Police Officers similarly situated as Plaintiff, his/their entitlement to his Retroactive Military Seniority Pension Credit.

95.    After Plaintiff complained to Defendants that Plaintiff was being denied his Retroactive Military Seniority Pension Credit, in response to same, and in addition to continuing to deny him his entitled Retroactive Military Seniority Pension Credit, Defendants subjected Plaintiff to unlawful retaliation in that Defendants, acting in concert each with the other and within the scope of their employment, embarked upon a systematic and coordinated effort to deny Plaintiff his right to the enjoyment of life, to wit:   Defendants denied Plaintiff's transfer requests to more suitable and/or preferable duty assignments within the New York City Police Department; denied Plaintiff leave requests, denied Plaintiff overtime requests and otherwise denied Plaintiff a non-hostile work environment.

96.    On or about February 18, 2020, Plaintiff served a Notice of Claim on Defendants which states, details, alleges, claims, informs and gives Defendants notice of the wrongs and unlawful acts/conduct that was caused to be visited upon Plaintiff by Defendants that give rise to the within action including. but not limited to. Defendants' intentional failure to follow applicable State and Federal laws of granting Retroactive Military Seniority Pension Credit to Plaintiff, as well as to other former and/or current New York City Police Officers, who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010. See Exhibit "A", a copy of Plaintiff's Notice of Claim.

97.    Further, in same Notice of Claim, Plaintiff notified Defendants that Plaintiff "...presents this Claim for adjustment and payment." and to date, the Defendants have failed to adjust Plaintiff's Claim and have further failed to conduct a General Municipal Law 50(h) hearing-thereby waiving same.

98.    As a direct and proximate result of Defendants' actions, inactions, conduct, failures, omission and violations herein and, as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein including, but not limited to:  loss of income, loss of entitlement, loss of title/rank/position, loss of benefits, loss of pension, loss of pension credit, loss of Retroactive Pension Credit, loss of seniority, loss of equated retirement date and/or is otherwise damaged and continues to be damaged herein.

99.    That at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund unlawfully and discriminatorily denied Plaintiff's Retroactive Military Seniority Pension Credit in violation of: New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010, based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

100.    That at all relevant times herein mentioned, Defendants acted with deliberate indifference to the rights of Plaintiff and/or unlawfully subject Plaintiff to disparate treatment based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

101.    Defendants, their servants, agents and/or employees unlawfully denied Plaintiff his rights herein based upon Plaintiff's original service in the United States Military, based upon Plaintiff's service in the United States Army Reserves, based upon Plaintiff's continued service in the United States Armed Forces and/or in unlawful retaliation against Plaintiff because he exercised his right to register complaints with Defendants as to the foregoing.

102.    As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered and continues to suffer mental anguish, loss of the enjoyment of life, emotional distress, (both intentional and negligent), deprivation of his civil rights and loss of income and retirement benefits, rights and privileges.

103.    That    at    all    relevant    times    herein    mentioned,    Defendants    either individually/personally or through their employees, were acting under color of state law, acting in concert each with the other and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State and/or City of New York, New York City Police Department and/or New York City Police Pension Fund when same Defendants engaged in the herein mention unlawful and discriminatory acts and practice against Plaintiff.

104.    In addition to the facts alleged in the foregoing and following subparagraphs, Defendants are sued in their individual capacities and in their respective official capacities as agents, servants, licensees and/or employees of Defendants the City of New York, the New York City Police Department and/or the New York City Police Pension Fund and, for the purpose of the within action and at all relevant times herein alleged, they acted within the scope of their employment as agents, servants, licensees and/or employees of same Defendants.

105.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund each individually employ more than fifteen (15) employees

34

and is an "employer" as defined by: the Uniformed Services Employment and Re-Employment Rights Act of 1994 (USERRA), as Amended in 2010, 38 U.S.C. Sections 4301-4335, by New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18; by the New York Executive Law Art. 15 (NY Human Rights Law); by the New York State Human Rights Law Sections 290-297and by the Laws of the State of New York and the United States of America.

106.    That during the course of the foregoing continued course of Defendants' repeated and continuous denials of Plaintiff's Retroactive Military Seniority Pension Credit from on or about January 20, 2004, and/or prior thereto, and continuous to date without interruption, Defendants refusal to grant Plaintiff's Retroactive Military Seniority Pension Credit was and is in violation of: New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010.

107.    That at all relevant times herein, during the course of the foregoing continued course of Defendants' repeated and continuous denials of Plaintiff's Retroactive Military Seniority Pension Credit from on or about January 20, 2004, and/or prior thereto, and continuous to date without interruption, Defendants acted with deliberate indifference to the rights of Plaintiff and/or unlawfully subjected Plaintiff to disparate treatment based upon Plaintiff's original entry into the United States Armed Forces and based upon Plaintiff's continued service in the United States Armed Forces.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR
VIOLATION OF UNIFORM SERVICES EMPLOYMENT AND RE-EMPLOYMENT
RIGHTS ACT, 38 U.S.C. SECTIONS 4301-4333, AS AMENDED IN 2010 (USERRA)**

108.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "107" as if more fully set forth at length herein.

109.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are employers within the meaning of and as defined by the Uniform Services Employment and Reemployment Rights Act, P.L. 103-353, 108 Statute 3149, as Amended and Codified in 2010 at 38 U.S.C. Sections 4301-4333 (USERRA).

110.    Pursuant to USERRA, civilian job rights and benefits for veterans and for members of Reserve components, like Plaintiff herein, are protected and, as such, employers like Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund cannot discriminate and/or retaliate in and cannot deny a member, like Plaintiff, of the Uniformed Service, the hiring, employment, reemployment, retention in employment, promotion and/or [a]ny benefit of employment because of an individual's, like Plaintiff's, military service.

111.    That the Retroactive Military Seniority Pension Credit is a "benefit of employment" as defined by and pursuant to USERRA and, as such, Defendants cannot discriminate or retaliate against Plaintiff because of his Military Service and cannot deny Plaintiff his Retroactive Military Seniority Pension Credit as same is an entitled "benefit of employment" due to Plaintiff herein.

112.    In the years 2001 and in 2002, prior to Plaintiff's employment with Defendants the City of New York and the New York City Police Department, Plaintiff was a member of the United States Military Service as defined by USERRA and, at all relevant times herein mentioned,

36

Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was a member of the United States Armed Forces.

113.    In or about the years of 2001 to 2002, while serving on Active Federal Military Duty in the United States Army, Plaintiff took the New York City Department of Citywide Services (DCAS) written exam number 1003 for service in the New York City Police Department as a New York City Police Officer and passed same at which time, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was a member of the United States Armed Forces.

114.    Subsequent to passing the DCAS exam, upon entering the New York City Police Department and continuing to present throughout Plaintiff's employment with Defendants the City of New York and the New York City Police Department, Plaintiff was and is a member of the United States Military Service as defined by USERRA and, at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was and is a member of the United States Armed Forces.

115.    After Plaintiff successfully passed the foregoing DCAS written exam number 1003, Defendants placed Plaintiff on a special military list and, but for being on Active Military Duty Service in the United States Army at that time, Plaintiff would have been hired and would have entered the New York City Police Department Police Academy on July 1, 2002.

116.    At all relevant times herein, Defendants knew that it was because Plaintiff was on Active Military Duty Service in the United States Army at that time that precluded Defendants from immediately hiring Plaintiff as of July 1, 2002 and that, but for Plaintiff's Active Military Duty Service at that time, Plaintiff would have been hired by Defendants as a New York City

Police Officer and would have entered the New York City Police Department Police Academy on July 1, 2002.

117.    Plaintiff was Honorably released/discharged from Active Federal Duty Service with/for the United States Army in November 2003 and, within the required time period, Plaintiff executed and/or submitted the required documents to Defendants, including Plaintiff's DD214, demonstrating that Plaintiff had been Honorably Discharged from Active Military Duty and that Plaintiff was serving on Active Duty Military Service on July 1, 2002. The documents submitted by Plaintiff to Defendants, including his DD214, further demonstrated that Plaintiff was discharged from Active Duty in November of 2003 and that it was as a result of Plaintiff being on Active Duty that precluded Plaintiff from entering the New York City Police Academy as of July 1, 2002. Annexed hereto as Exhibit "B" is a copy of Plaintiff's DD214.

118.    In November of 2003, Plaintiff further completed the remaining aspects/parts of the New York City Department of Citywide Services Examination while on transitional United States Military leave.

119.    Plaintiff was subsequently hired by Defendants the City of New York and the New York City Police Department as a New York City Police Officer on January 20, 2004 and Defendants listed Plaintiff's start/hire date with same Defendants as January 20, 2004.

120.    On January 20, 2004, when Defendants listed Plaintiff start date as being January 20, 2004, Plaintiff, consistent with State and Federal Laws, was entitled and eligible to receive Retroactive Military Seniority Pension Credit based upon his Military Service pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA) and pursuant to New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

121.    On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants were/are under a lawful obligation to comply with the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA) and with New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 relative to granting Plaintiff his entitled Retroactive Military Seniority Pension Credit but, to present date, have failed to do so.

122.    On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants knew and/or had reasons to know that Plaintiff was entitled and eligible to receive Retroactive Military Seniority Pension Credit based upon his Military Service pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010 (USERRA) and pursuant to New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

123.    On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit and should have registered Plaintiff's employment/hire/start date with Defendants the City of New York and the New York City Police Department to be July 1, 2002; thereby rendering Plaintiff to all the benefits and entitlements with the New York City Police Pension Fund, to which he is duly entitled, as commencing on July 1, 2002.

124.    On or about January 20, 2004, Defendants the City of New York and the New York City Police Department should have, at that time, retroactively reflected that Plaintiff's hired/start date was July 1, 2002 as Defendants at that time knew and had reasons to know that Plaintiff was eligible and lawfully entitled to receive Retroactive Military Seniority Pension Credit but, despite knowing same, Defendants failed to do so and have continued to fail and refuse to do so throughout

Plaintiff's employment with Defendants continuing to present date.

125.    On January 20, 2004, prior thereto and continuing to present date and continuing, it was due to the fact that Plaintiff was serving on Active Duty in the United States Military/Armed Forces, to wit: the United States Army, that caused Plaintiff not to actually start, be hired and/or enter the New York City Police Academy on July 1, 2002 and, on January 20, 2004 and continuously to present date, Defendants knew and/or had reasons to know that it was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from presenting himself for hire by Defendants the City of New York and the New York City Police Department and from entering the New York City Police Department Police Academy on July 1, 2002.  Defendants knew and/or had reasons to know that it was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from being eligible for and enjoying all of the benefits and entitlements of being a member/beneficiary of the New York City Police Pension Fund as of July 1, 2002.

126.    From on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and continuing to present date, Defendants have denied, and continue to deny to present date, Plaintiff's repeated requests to Defendants for Defendants to grant Plaintiff Retroactive Military Seniority Pension Credit based upon Plaintiff's Military Service and pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA) and the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

127.    From on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and continuing to present date, Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit and should have reflected Plaintiff's

40

start/hire/entrance date of employment with Defendants the City of New York and the New York City Police Department as being July 1, 2002; thereby rendering Plaintiff eligible and entitled to receive and enjoy all rights, entitlements and benefits of/from Defendant the New York City Police Pension Fund.

128.    Plaintiff repeatedly and continuously requested from Defendants, from on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and continuing to present date, that Defendants grant Plaintiff his Retroactive Military Seniority Pension Credit and Plaintiff further continuously and repeatedly complained and/or registered complaints with Defendants as to Defendants' repeated and continuing unlawful denial to Plaintiff of Plaintiff's Retroactive Military Seniority Pension Credit in violation of: New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

129.    Plaintiff registered complaints with Defendants about Defendants' unlawful denial of his Retroactive Military Pension Credit when Plaintiff initially entered the New York City Police Department on or about January 20, 2204 and continuously throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020, but to no avail as Defendants continue to unlawfully deny Plaintiff same including as recent as Defendants' denial on or about March 3, 2020.

130.    Despite Plaintiff's repeated and continuous requests of Defendants to grant Plaintiff his Retroactive Military Seniority Pension Credit, which Plaintiff requested when he was initially employed by the New York City Police Department and continued to request throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January

41

2020 and on or about February 18, 2020 and continuing to date, Defendants denied Plaintiff his

Retroactive Military Seniority Pension Credit back at the time of Plaintiff's initial employment

with the New York City Police Department and continuously throughout Plaintiff's employment

with the New York City Police Department, with a recent denial of March 3, 2020 and continuing

to date - in repeated and continuing violation of New York State Military Law Section 243(7)(7b),

supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and of the

Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010,

(USERRA).

131.    That at all relevant times herein mentioned, Plaintiff was entitled and remains

entitled to his right to be credited with Retroactive Military Seniority Pension Credit for his

military service or to an equated retirement date – the same Retroactive Military Seniority Pension

Credit that, despite Plaintiff's repeated demands for same with/of/from Defendants, and despite

Plaintiff's  complaints to Defendants and to their respective chains of command about same,

Defendants have and continue to unlawfully and continuously deny Plaintiff herein for his military

service.

132.    That at all relevant times herein mentioned, Defendants' act in denying and

continuing to present date to deny Plaintiff Retroactive Military Seniority Pension Credit is in

violation of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002:

Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services

Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

Defendants' unlawful denial commenced on or about January 20, 2004, has continued to present

date, is continuous from same date without interruption to the date of the commencement of the

within Action and, is reasonably expected to continue without interruption into the foreseeable

future.

133.   That at all relevant times herein mentioned, Defendants knew and/or had reasons to know that Defendants were and are under a lawful obligation to follow and adhere to applicable State and Federal laws that were and are enacted to protect Members of the United States Armed Forces like Plaintiff and further knew that, based on the documents that Plaintiff produced/provided to Defendants at the time that Defendants hired Plaintiff and based upon Plaintiff's repeated requests for his entitled  Retroactive Military Seniority Pension Credit from when Plaintiff first was hired by Defendants in on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants, including as recent as January 2020 and on or about February 18, 2020, Defendants should have and were/are under a duty to retroactively document and credit Plaintiff with a hire/start date of July 1, 2002.

134.   In defiance of applicable State and Federal laws designed and intended to protect Members of the United States Armed Forces, which includes Plaintiff, prior to September 2014, Defendants did not have an established form or mechanism for New York City Police Officers such as Plaintiff, who had served on Active Duty Military Service in the United States Armed Forces and whose Military Service adversely affected the rights and privileges that Plaintiff otherwise would have received and was used by Defendants to deny Plaintiff the same Rights and Privileges that he was otherwise entitled to as a member of the New York City Police Department, to receive Retroactive Military Seniority Pension Credit.

135.   Due to Defendants' intentional refusal, defiance and unwillingness to comply with applicable State and Federal Laws which were enacted to protect some of the Rights and Privileges of Members of the United States Armed Forces, including Plaintiff,  whose Active Duty Military Service adversely affected some of the rights and privileges that Plaintiff was  entitled to, Plaintiff

43

was not afforded any procedural means by Defendants by which Plaintiff could register formal complaints and/or compel Defendants to grant Plaintiff the Retroactive Military Seniority Credit he was and remains entitled to; as Plaintiff's continuous and repeated requests for same and his registered complaints with Defendants/Defendants' chain of command about Defendants' continuous denial of same have been, since inception to present date, to no avail.

136.    After repeated complaints by Plaintiff and/or other Members of the New York City Police Department who were members of the United States Armed Forces and/or former Members of the United States Armed Forces and who were entitled to receive Retroactive Military Seniority Credit but were denied same by Defendants, PPF 47 was established as a result of the foregoing deficiency with the intent to rectify the foregoing as a means of assessing whether a New York City Police Officer who had served and/or was serving in the United States Armed Forces may be entitled to Retroactive Military Seniority Pension Credit.

137.    On or about 2014 to early 2015, at a New York City Police Department sponsored Military Seminar which was conducted by the New York City Police Pension Fund's General Counsel, Plaintiff learned that Defendants had failed to comply with the lawful legal obligation to comply with applicable State and Federal Laws to protect Active Duty Service Members in the New York City Police Department, including Plaintiff, who were adversely impacted in retroactively attaining their entitled and earned seniority credit, and had further learned that Defendants had then designed a process of assessing whether Plaintiff and other New York City Police Officers similarly situated as Plaintiff were denied Retroactive Military Seniority Pension Credit.

138.    On or about 2014 or early 2014, Plaintiff, through his own initiative, applied for and obtained a favorable determination by the New York City Department of Citywide Services

(DCAS) who informed Plaintiff, in or about February 2015, that his request regarding a determination of his rights under Section 243 of the New York State Military Law had been reviewed and approved. In or about February 2015, DCAS further advised Plaintiff that his name was placed on a special military list for the above-mentioned examination and that he would be assigned a retroactive seniority of July 1, 2002; this retroactive seniority date is used to the purpose of computing seniority credit, training and experience credit for promotion and seniority in the event of suspension or demotion. DCAS further advised Plaintiff that Defendants the New York City Police Department and the New York City Police Pension Fund would be notified of his approved retroactive seniority date of July 1, 2002.

139.    Plaintiff    submitted    the    foregoing    February    2015    DCAS notification/advisement/approval to the New York City Police Department Military Extended Leave Desk (MELD) on or about March 2, 2015, where Plaintiff personally hand delivered same to the New York City Police Pension Fund and, further, Plaintiff personally filled out the required forms to request Retroactive Military Seniority credit in April of 2015.

140.    From prior to the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, at the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, throughout Plaintiff's employment with Defendants the City of New York and the New York City Police Department, and continuing to date, and without this Court's intervention it is expected to continue into the foreseeable future, Defendants have consistently subjected Plaintiff to discriminatory and disparate treatment in violation of both the New York State Constitution and the Constitution of the United States of America based upon: the fact that Plaintiff was a member of the United States Armed Forces prior to Plaintiff entering the New York City Police

45

Department; the fact that Plaintiff is a member of the United States Military Reserves, and, based upon Plaintiff's continued service in the United States Army Reserves.

141.    That at all relevant times herein mentioned, Plaintiff complained and registered complaints about the foregoing discriminatory and disparate treatment, and about the unlawful denials of his entitled Retroactive Military Seniority Pension Credit and/or to an equated retirement date, to/with Defendants the City of New York, the New York City Police Department, to Plaintiff's Chain of Command in the New York City Police Department and to the New York City Police Pension Fund, but, to no avail.

142.    Thereafter, recognizing that Defendants had not complied with granting him his entitled Retroactive Military Seniority Pension Credit, and after Plaintiff had not  received from Defendants his entitled credit and/or confirmation of his Retroactive Military Seniority Pension Credit, Plaintiff personally made repeated follow-up visits to Defendant the New York City Police Pension Fund, including as recent as January 2020, where Defendants informed Plaintiff that Plaintiff's request for Retroactive Military Seniority Pension Credit, even though approved by DCAS, was/is being held without action or formal decision, as is being held for other New York City Police Officers similarly situated as Plaintiff, and that the decision by Defendants not to act on Plaintiff's request was pursuant to Executive Decision by Defendants.

143.    In or about March of 2019, Plaintiff forwarded the foregoing DCAS approval, via certified mail return receipt requested with tracking number 951081-4887759058427701, to the Director of Defendant the New York City Police Pension Fund and, in addition to the foregoing, Plaintiff continuously and repeatedly made follow-up visits with Defendants and specifically with Defendant the New York City Pension Fund, including as recent as January and February of 2020 to request and demand his  Retroactive Military Seniority Pension Credit and to register complaints

46

about Defendants' continuous and repeated denial of same to Plaintiff.    Despite DCAS'
Retroactive Military Seniority Pension Credit approval, despite Plaintiff's repeated requests and
demands for same, and despite Plaintiff's complaints about Defendants' continuous and repeated
denials of same, Defendants continue to present date to unlawfully deny Plaintiff his lawful
entitlement to Retroactive Military Seniority Pension Credit and/or to an equated retirement date.

144.    Based upon information and belief, there are hundreds and potentially thousands of
current and/or former New York City Police Officers similarly situated as Plaintiff who are
and/were unlawfully denied and/or are currently being denied their respective Retroactive Military
Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b),
supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of
the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in
2010 (USERRA).

145.    Based upon information and belief, Defendants did not establish, do not have and
do not intend to establish or have a policy and/or procedure of identifying and/or notifying former
and/or current New York City Police Officers who were adversely affected by same Defendants'
intentional failure to follow applicable State and Federal laws of granting Retroactive Military
Seniority Pension Credit to former and/or current New York City Police Officers, like Plaintiff,
who are entitled to same and who are/were adversely affected by Defendants' violations of New
York State Military Law Sections 243(7) and (7b) supported by Title 20 Part 1002: Code of Federal
Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-
Employment Rights Act of 1994 as Amended in 2010 (USERRA).

146.    Defendants knew, had reasons to know and were informed by Plaintiff as early as
on or about January 20, 2004 and continuously to present date, including as recent as January

47

and/or February of 2020, that Plaintiff was entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff his entitled Retroactive Military Seniority Pension Credit.

147.    Based upon information and belief, Defendants are aware, have actual and constructive notice of, have identified, should be aware of and/or are readily capable of identifying those current and former New York City Police Officers, like Plaintiff and like those who are similarly situated to Plaintiff herein, who are lawfully entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff, as well as other New York City Police Officers similarly situated as Plaintiff, his/their entitlement to his Retroactive Military Seniority Pension Credit.

148.    After Plaintiff complained to Defendants that Plaintiff was being denied his Retroactive Military Seniority Pension Credit, in response to same, and in addition to continuing to deny him his entitled Retroactive Military Seniority Pension Credit, Defendants subjected Plaintiff to unlawful retaliation in that Defendants, acting in concert each with the other and within the scope of their employment, embarked upon a systematic and coordinated effort to deny Plaintiff his right to the enjoyment of life, to wit:   Defendants denied Plaintiff's transfer requests to more suitable and/or preferable duty assignments within the New York City Police Department; denied Plaintiff leave requests, denied Plaintiff overtime requests and otherwise denied Plaintiff a non-hostile work environment.

149.    That at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund unlawfully and discriminatorily denied Plaintiff's Retroactive Military Seniority Pension Credit in violation of: New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of

Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010 (USERRA) based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

150.    That at all relevant times herein mentioned, Defendants acted with deliberate indifference to the rights of Plaintiff and/or unlawfully subject Plaintiff to disparate treatment based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

151.    Defendants, their servants, agents and/or employees unlawfully denied Plaintiff his rights to Plaintiff Retroactive Military Seniority Pension Credit herein based upon Plaintiff's original service in the United States Military, based upon Plaintiff's service in the United States Army Reserves, based upon Plaintiff's continued service in the United States Armed Forces and/or in unlawful retaliation against Plaintiff because he exercised his right to register complaints with Defendants as to the foregoing.

152.    That at all relevant times herein mentioned, Defendants should have retroactively documented Plaintiff's date of hire/start date/entrance with the Defendants the City of New York and the New York City Police Department as being July 1, 2002 instead of January 20, 2004.

153.    That at all relevant times herein mentioned, Defendants unlawfully denied Plaintiff his Retroactive Military Seniority Pension Credit based upon Plaintiff's service on Active Duty Service in the United States Army, based upon Plaintiff's service in the United States Army Reserves and based upon Plaintiff's continued service in the United States Armed Forces.

154.    That at all relevant times herein mentioned, Defendants' denial of Plaintiff 's entitled Retroactive Military Seniority Pension Credit is in retaliation by Defendants against

49

Plaintiff because Plaintiff exercised his right to register complaints with Defendants for failing to grant Plaintiff his Retroactive Military Seniority Pension Credit.

155.    That Defendants have refused and/or declined, to present date, to grant Plaintiff Retroactive Military Seniority Pension Credit that Plaintiff is lawfully entitled to because of Plaintiff's service in the United States Armed Forces.

156.    Defendants' unlawful, discriminatory, retaliatory, abusive, disparate and/or hostile conduct/work environment and unlawful disparate treatment against Plaintiff because of Plaintiff's military service is in violation of USERRA.

157.    Defendants, their officers, agents, servants, and/or employees, are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory/disparate acts, conduct, treatment, practices and /or policies, and for creating and/or fostering a hostile work environment, against Plaintiff based upon Plaintiff's military service and, as such, are liable and responsible for the damages Plaintiff suffered/sustained and continues to suffer/sustain therefrom.

158.    Defendants, their officers, agents, servants, and/or employees are/were, at all relevant times herein mentioned, acting within the scope of their employment in discriminating against Plaintiff due to Plaintiff's military service.

159.    Defendants are liable for Defendants' intentional, unlawful, discriminatory, hostile, disparate and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiff because of Plaintiff's military service.

160.    That during the course of his employment, Plaintiff engaged in the protected activity of registering complaints to Defendants about the hostile and unlawful work environment/conditions, including complaints about the unlawful denial by Defendants of Plaintiff's Retroactive Military Seniority Pension Credit, with Plaintiff's last complaint being

made before and subsequent to each and every unlawful act of mistreatment by Defendants towards Plaintiff because of Plaintiff's military service.

161.    Defendants, their officers, agents, servants, and/or employees unlawfully discriminated in the workplace against Plaintiff because of Plaintiff's military service.

162.    Defendants knew of said Defendants' unlawful, discriminatory, disparate, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against Plaintiff due to Plaintiff's military service and/or, had same Defendants exercised due diligence/care, they would have discovered same.

163.    Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory, disparate and discriminatory practices Defendants caused to be visited upon Plaintiff because Plaintiff was and is a member of the United States Armed Forces.

164.    Defendants unlawfully created and/or fostered a discriminatory, disparate, retaliatory, hostile and/or abusive work environment against Plaintiff based upon Plaintiff being a member of the United States Armed Forces.

165.    Defendants the City of New York, the New York Police Department and the New York City Police Pension Fund are liable for said Defendants' intentional, unlawful, disparate and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff because Plaintiff is a member of the United States Armed Forces.

166.    Defendants knew of the unlawful, discriminatory, disparate, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against Plaintiff because Plaintiff is and was a member of the United States Armed Forces and/or, had Defendants exercised due diligence/care, they would have discovered same.

167.    That at all relevant times herein mentioned, Defendants' conduct, actions and/or omissions were intentional and willful violations of USERRA.

168.    As a direct and proximate result of Defendants' actions, inactions, conduct, failures, omissions and violations herein and, as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein including, but not limited to: loss of income, loss of entitlement, loss of title/rank/position, loss of benefits, loss of pension, loss of pension credit, loss of Retroactive Military Seniority Pension Credit, loss of seniority, loss of equated retirement date and/or is otherwise damaged and continues to be damaged to present date.

169.    As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered and continues to suffer mental anguish, loss of the enjoyment of life deprivation of his civil rights and loss of income, retirement benefits, pension benefits, rights and/or privileges.

170.    As a direct and proximate result of Defendants' conduct and omissions, Plaintiff suffered and continues to suffer the following injuries and/or damages:

a.    Damage to and/or loss of title, position, promotion, salary, pension and/or retirement benefits;

b.    Actual monetary losses in an amount directly resulting from Defendants' violation of USERRA in excess of the jurisdictional amount herein, to wit: approximately ONE MILLION DOLLARS ($1,000,000.00);

c.    Post-judgment interest on all sums, including attorneys' fees and costs, awarded in this action;

d.    Deprivation of his entitled Retroactive Military Seniority Pension Credit as

Defendants' conduct was, is and continues to be an intentional and willful violation of USERRA; and

      e.    Compensatory, Consequential, liquidated and all other damages within the meaning of and pursuant to USERRA.

171.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTIONS 1981, 1981(a), & 2000(e), et. seq.

172.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "171" as if more fully set forth at length herein.

173.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 1981, 1981(a), 42 U.S.C. Section 2000e, *et. seq.*

174.    Defendants' unlawful, discriminatory, retaliatory, abusive and/or hostile conduct/work environment and unlawful disparate treatment against Plaintiff because of his race, color, national origin, service in the United States Armed Forces and in retaliation for Plaintiff exercising his right to engage in the protected activity of registering complaints about the workplace, deprived Plaintiff of his right to make and enforce contracts to the full and equal benefit of Defendants' regulations and all laws and proceedings for the security of Plaintiff's employment in violation of Title VII of the Civil rights Act, 42 U.S.C. Sections 1981, 1981(a), 2000, 2000(e), 2000(e)(3) and 2000(e)-2(a)(1).

175.    Defendants, their officers, agents, servants, and/or employees are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory/disparate acts, conduct, treatment, practices and /or policies, and for creating and/or fostering a hostile work environment, against Plaintiff that caused and continue to cause Plaintiff to suffer and sustain damages herein.

176.    Defendants, their officers, agents, servants, and/or employees are/were, at all relevant times herein mentioned, acting within the scope of their employment.

177.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are liable for said Defendants' intentional, unlawful, discriminatory, hostile, disparate and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiff.

178.    That during and throughout the course of his employment, Plaintiff engaged in the protected activity of registering complaints to Defendants about the hostile and unlawful work environment/conditions, including complaints about Defendants' intentional and continuous failure/refusal to grant him his entitled Retroactive Military Seniority Pension Credit, with his last complaint being made before and subsequent to each and every unlawful act and of mistreatment by the Defendants towards Plaintiff.

179.    Defendants, their officers, agents, servants, and/or employees discriminated in the workplace against Plaintiff because of his race, color, national origin, service in the United States Armed Forces and in unlawful retaliation to Plaintiff's complaints about the hostile work environment/conditions and about Defendants' intentional and continuous failure/refusal to grant him his entitled Retroactive Military Seniority Pension Credit.

180.    Defendants further unlawfully discriminated against Plaintiff and subjected him to unlawful disparate treatment and to a hostile work environment by denying Plaintiff's transfer

requests to more suitable and/or preferable duty assignments within the New York City Police Department, denying Plaintiff's leave requests, denying Plaintiff's overtime requests and otherwise denying Plaintiff a non-hostile work environment.

181.     Defendants do not treat Police Officers, who are of other races and/or other national origin as Plaintiff who is a Caucasian Male of Italian National Origin, similarly situated as Plaintiff, as they treated and continue to treat Plaintiff herein.

182.     Defendants do not treat other groups and/or other Police Officers who do not engage in the protected activity of registering complaints about work conditions/environment, similarly situated as Plaintiff, as they treated and continue to treat Plaintiff herein.

183.     Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are liable for said Defendants' intentional, unlawful, discriminatory and/or disparate acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff.

184.     Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew of said Defendants' unlawful, discriminatory, disparate, retaliatory and hostile and/or abusive acts, conduct, treatment, practices and/or policies against Plaintiff, and/or, had same Defendants exercised due diligence/care, they would have discovered same.

185.     Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory, disparate and discriminatory practices Defendants caused to be visited upon Plaintiff.

186.     Defendants unlawfully created and/or fostered a discriminatory, disparate, retaliatory, hostile and/or abusive work environment against Plaintiff based upon his race, color, national origin, service in the United States Armed Forces and in retaliation for his exercise of his

right to register complaints to Defendants about the hostile work environment/conditions at the workplace and/or about the denial of Plaintiff's Retroactive Military Seniority Pension Credit.

187.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are liable for said Defendants' intentional, unlawful, disparate and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff herein.

188.    That at all relevant times herein mentioned, Defendants' conduct, actions, failures and/or omissions against Plaintiff were intentional and willful violations of Title VII of the Civil Rights Act.

189.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

190.    As a direct and proximate result of Defendants' conduct, actions, failures and/or omissions, Plaintiff suffered and continues to suffer the following injuries and/or damages:

a.    Damage to and/or loss of title, position, promotion, salary, pension and/or retirement benefits;

b.    Actual monetary losses directly resulting from Defendants' violation of Title VII of the Civil Rights Act in excess of the jurisdictional amount herein;

c.    Post-judgment interest on all sums, including attorneys' fees and costs, awarded in this action;

d.    Deprivation of his entitled Retroactive Military Seniority Pension Credit as Defendants' conduct was, is and continues to be an intentional and willful violation of Title VII of the Civil Rights Act; and

e.      Compensatory, Consequential, liquidated and all other damages within the meaning of and pursuant to Title VII of the Civil Rights Act.

191.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, 42 U.S.C. SECTIONS 1983

192.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "191" as if more fully set forth at length herein.

193.    That at all relevant times herein mentioned, Defendants, under color of law, in the scope of their employment and authority and acting in concert with one another, deprived Plaintiff of Plaintiff's Fourteenth Amendment Rights to Due Process and Equal Protection under the law by their unlawful denial and continual denial, to present date, of Plaintiff's entitled Retroactive Military Seniority Pension Credit.

194.    Plaintiff has dedicated and continues to dedicate time and effort to serve in the United States Armed Forces on Active Duty, and to continue to serve in the United States Army Reserves, to earn and be entitled to Retroactive Military Seniority Pension Credit.

195.    That at all relevant times herein mentioned, Plaintiff has a Constitutional Right and Constitutional Entitlement to be granted Retroactive Military Seniority Pension Credit herein.

196.    That at all relevant times herein mentioned, Plaintiff has a Proprietary Interest/Right and lawful entitlement and interest to his Retroactive Military Seniority Pension Credit.

197.    Defendants, acting under color of law, cannot deprive Plaintiff of his lawful

Constitutional Right, entitlement and/or proprietary interest to his Retroactive Military Seniority Pension Credit without due process of law.

198.    Defendants' repeated and continuous denial, to present date, of Plaintiff's Retroactive Military Seniority Pension Credit is in violation of Plaintiff's Fourteenth Amendment Rights to Due Process and Equal Protection under the law.

199.    That prior to each and every one of Defendants' denials of Plaintiff's Retroactive Military Seniority Pension Credit, to present date, Defendants, under color of law and within the scope of their respective employment and authority, did not grant or offer Plaintiff, nor hold and/or conduct any hearing, administrative hearing, and/or any proceedings and/or procedure to address Plaintiff's entitled Retroactive Military Seniority Pension Credit which Plaintiff applied for, submitted the required documents for, requested and demanded; thereby unlawfully denying Plaintiff equal protection and due process of law by denying Plaintiff an opportunity to challenge Defendants' denials of his Plaintiff Retroactive Military Seniority Pension Credit.

200.    That the actions, conduct, failures and/or omissions of each and every Defendant herein, as set forth above in detail, served to deny Plaintiff of his rights to due process and equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States of America.

201.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

202.    As a direct and proximate result of Defendants' conduct, failures and/or omissions, Plaintiff suffered and continues to suffer the following injuries and/or damages:

a.    Damage to and/or loss of title, position, promotion, salary, pension and/or retirement benefits;

b.      Actual monetary losses directly resulting from Defendants' violation of the Fourteenth Amendment of the Constitution of the United States of America, for due process of law and equal protection under the law, in excess of the jurisdictional amount herein;

c.      Post-judgment interest on all sums, including attorneys' fees and costs, awarded in this action;

d.      Deprivation of his entitled Retroactive Military Seniority Pension Credit as Defendants' conduct was, is and continues to be an intentional and willful violation of his rights pursuant to the Fourteenth Amendment of the Constitution of the United States of America; and

e.      Compensatory, consequential, liquidated and all other damages within the meaning of and pursuant to the Fourteenth Amendment of the Constitution of the United States of America.

203.    That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

204.    That as a direct and proximate result of the foregoing, Plaintiff claims damages in the amount of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF 42 U.S.C. SECTION 1983 - CONSPIRACY

205.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "204" as if more fully set forth at length herein.

206.    That Defendants herein, each acting under the color of law, in the scope of their employment and authority and in concert with one another, conspired with each other to undertake a course of conduct to injure, oppress, harass, damage, discriminate against, treat disparately and retaliate against Plaintiff by denying him his rights to the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, by the Fourteenth

Amendment to the U.S. Constitution, by USERRA and by the New York State Military Law

Sections 243(7) and 243(7b), supported by Title 20, Part 1002: Code of Federal Regulations

Section 1002.18, including the right to due process of law, the right to his Retroactive Military

Seniority Pension Credit, the right to work in a non-hostile work environment and the right to

register complaints about the work place.

207.    That the foregoing occurred without just cause, good cause, cause, fault or

justification and without any provocation on the part of Plaintiff herein.

208.    That Defendants' conspiracy herein denied Plaintiff all his rights and privileges

detailed herein including, but not limited to, his Constitutional rights.

209.    That as a direct and proximate result of the foregoing, Plaintiff claims damages

herein in an amount in excess of the jurisdictional limits herein.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF 42 U.S.C. SECTION 1983, *MONEL CLAIM*

210.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and

factual allegation contained in paragraphs of the Complaint numbered "1" to "209" as if more fully

set forth at length herein.

211.    That prior to July 1, 2002 and prior to January 20, 2004 and continuing to present

date, Defendants, through their official policy-makers, developed, created, facilitated, encouraged,

enabled and/or maintained policies, practices and customs exhibiting deliberate indifference to

and/or reckless disregard for the rights of their employees and, in particular, of their Police Officers

like Plaintiff who also serve/served in the United States Armed Forces including, but not limited

to, a pattern and course of conduct in unlawfully denying and/or failing to process and/or failing

to grant Police Officers, like Plaintiff, of their entitled Retroactive Military Seniority Credit; the

very policies, practices and customs which caused the violation of Plaintiff's Constitutional, Federal and State law rights which directly and proximately caused injury and damages to Plaintiff herein.

212.    That prior to July 1, 2002 and prior to January 20, 2004 and continuing to present date, it was the policy, practice and/or customs of Defendants to fail to investigate the unlawful denials of Retroactive Military Seniority Pension Credit and/or to inadequately and/or improperly train and supervise, oversee, fire, discipline and/or instruct those whose responsibility it was to process and grant same; thereby failing to discourage constitutional violations on the part of its employees/agents, as those visited upon Plaintiff by Defendants as outlined herein.

213.    That prior to July 1, 2002 and prior to January 20, 2004 and continuing to present date, it was the policy, practice and/or customs of Defendants to fail to take corrective/remedial/preventive measures in response to prior complaints about the unlawful denials of Retroactive Military Seniority Pension Credit to/for Police Officers like Plaintiff herein; thereby failing to discourage Constitutional violations on the part of its employees/agents, as those visited upon Plaintiff by Defendants as outlined herein.

214.    That Defendants' failures and omissions herein enable, encourage and facilitate that these unlawful denials of Retroactive Military Seniority Pension Credit continue and continue to be widespread; for which particular reforms need to be implemented.

215.    That Defendants' failures and omissions herein enable, encourage, cause and facilitate that Defendants herein continue to engage in the unlawful conduct against Plaintiff as described in detail herein.

216.    That the foregoing acts, omissions, conduct, failures, recklessness, wantonness, negligence, malicious intentional acts, systemic deficiencies and/or deliberate indifference to the

61

rights and privileges of Police Officers like Plaintiff herein who are entitled to Retroactive Military

Seniority Pension Credit because of their Military Service, have caused Defendants to believe that

they can violate the rights of Plaintiff and other Police Officers similarly situated as Plaintiff;

foreseeably allowing them to violate the Constitutional rights of Plaintiff and other Police Officers

similarly situated as Plaintiff, as these acts/conduct/omissions/failures continued to occur and exist

and to be perpetuated/facilitated/maintained and enabled by Defendants in violation of the State

and Federal Constitution and were further tolerated, encouraged, facilitated, fostered, maintained,

undisciplined, uncorrected and/or unpunished by Defendants herein.

217.    That as a direct and proximate result of the Defendants' deliberate indifference and

reckless disregard as detailed in the instant matter, Defendants violated Plaintiff's aforementioned

Constitutional, Federal and State Law rights and caused Plaintiff to suffer serious and substantial

harm and injury therefrom.

218.    That as with the acts, conduct and omissions complained of herein, these

Defendants' acts/conduct/omissions were performed and were enabled to be performed pursuant

to a custom and practice that, while not formally approved in writing by Defendants, have

nonetheless, been adopted and practiced as a practice and custom as same are so widespread so as

to have the force of law and, as such, Defendants are liable herein for same.

219.    That Defendant the City of New York is liable herein as the facts pleaded herein

set forth that as a municipality, the City of New York, despite being aware of the widespread

problems complained of herein, nonetheless, the City of New York has demonstrated and/or or

exercised "deliberate indifference" to these known unlawful actions/conduct/omissions/failures of

its employees and agents that caused or led to the injury of a citizen such as Plaintiff was caused

to suffer herein.

220.   Here, the need to take some action to control the Defendants and their agents/employees is so obvious and the inadequacy of the City of New York's existing practice is so likely to result in violation of one's constitutional rights as occurred to Plaintiff herein and, as such, the City of New York is liable for being deliberately indifferent to the need pursuant to §1983.

221.   That the toleration of the within conduct, failure and/or omission as occurred herein with Defendants' unlawful conduct and the other Defendants' acceptance, fostering, perpetuating, facilitating and enabling of same, herein establishes a "policy-in practice" for which the Defendants are liable and are further liable for failing to train their employees/agents herein and, by failing to do so despite the known need for same, evidencing deliberate indifference to rights of citizens including Plaintiff herein.

222.   That despite knowing of the foregoing need, Defendants took no action, remedial, corrective, investigative, disciplinary or otherwise, in response thereto thereby allowing Defendants to intentionally injure Plaintiff herein.

223.   That the acts complained of herein were committed by Defendants herein while on duty, while within the scope of their employment, while acting under color of law and while acting in concert with one another and, as such, the City need not have foreseen the exact act or manner of the Plaintiff's injuries as, where general foreseeability exists, as it so exists herein, then even the intentional torts of the individually named Defendants fall within the scope of their respective employment for which Defendants are liable herein.

224.   As a direct and proximate result of the Defendants' deliberate indifference, Defendants violated Plaintiff's aforementioned State and Federal Constitutional Rights, as well as violated State and Federal Law, and caused Plaintiff to suffer substantial harm and injury

including, but not limited to: denial of his entitled Retroactive Military Seniority Pension Credit herein.

225.    That as a direct and proximate result of the foregoing, Plaintiff claim damages herein in the amount of ONE MILLION DOLLARS ($1,000,000.00).

## PENDENT STATE CLAIMS

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF NEW YORK STATE MILITARY LAW SECTIONS 243(7) AND 243(7b), SUPPORTED BY TITLE 20, PART 1002: CODE OF FEDERAL REGULATIONS SECTION 1002.18.

226.    Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "227" as if more fully set forth at length herein.

227.    Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund are employers within the meaning of and as defined by the New York State Military Law Section 243(7)(7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18.

228.    Pursuant to New York State Military Law Sections 243(7) and (7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18, employers like Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund cannot discriminate in the hiring, employment, reemployment, retention in employment, promotion and/or in any benefit of employment because of an individual's, like Plaintiff's, military service.

229.    Pursuant to New York State Military Law Sections 243(7) and (7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18, Plaintiff's Retroactive Military Seniority Pension Credit is a "benefit of employment" which Defendants cannot discriminate or

retaliate against Plaintiff, because of his Military Service, and Defendants cannot deny Plaintiff same as he is entitled to this "benefit of employment" herein.

230.    That at all relevant times herein mentioned, Plaintiff's Military Service as detailed herein is military service as defined and protected by New York State Military Law Sections 243(7) and (7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18, and is the protected and calculated military service that entitles Plaintiff herein to seniority credit with/by/from his employer, Defendants the City of New York and the New York City Police Department, and, that entitles him to his Retroactive Military Seniority Pension Credit and to any and all related pension, retirement, seniority benefits from/by/with Defendant the New York City Police Pension Fund.

231.    In the years 2001 and in 2002, prior to Plaintiff's employment with Defendants the City of New York and the New York City Police Department, Plaintiff was a member of the United States Military Service as defined by New York State Military Law Sections 243(7) and (7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18 and, at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was a member of the United States Armed Forces.

232.    In or about the years of 2001 to 2002, while serving on Active Federal Military Duty in the United States Army, Plaintiff took the New York City Department of Citywide Services (DCAS) written exam number 1003 for service in the New York City Police Department as a New York City Police Officer and passed same at which time, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was a member of the United States Armed Forces.

233.    Subsequent to passing the DCAS exam, upon entering the New York City Police Department and continuing to present throughout Plaintiff's employment with Defendants the City of New York and the New York City Police Department, Plaintiff was and is a member of the United States Military Service as defined by New York State Military Law Section 243(7)(7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18 and, at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund knew that Plaintiff was and is a member of the United States Armed Forces.

234.    After Plaintiff successfully passed the foregoing DCAS written exam number 1003, Defendants placed Plaintiff on a special military list and, but for being on Active Military Duty Service in the United States Army at that time, Plaintiff would have been hired and would have entered the New York City Police Department Police Academy on July 1, 2002.

235.    At all relevant times herein, Defendants knew that it was because Plaintiff was on Active Military Duty Service in the United States Army at that time that precluded Defendants from immediately hiring Plaintiff as of July 1, 2002 and that, but for Plaintiff's Active Military Duty Service at that time, Plaintiff would have been hired by Defendants as a New York City Police Officer and would have entered the New York City Police Department Police Academy on July 1, 2002.

236.    Plaintiff was Honorably released/discharged from Active Federal Duty Service with/for the United States Army in November 2003 and, within the required time period, Plaintiff executed and/or submitted the required documents to Defendants, including Plaintiff's DD214, demonstrating that Plaintiff had been Honorably Discharged from Active Military Duty and that Plaintiff was serving on Active Duty Military Service on July 1, 2002. The documents submitted

by Plaintiff to Defendants, including his DD214, further demonstrated that Plaintiff was discharged from Active Duty in November of 2003 and that it was as a result of Plaintiff being on Active Duty that precluded Plaintiff from entering the New York City Police Academy as of July 1, 2002. See Exhibit "B", copy of Plaintiff's DD214.

237.   In November of 2003, Plaintiff further completed the remaining aspects/parts of the New York City Department of Citywide Services Examination while on transitional United States Military leave.

238.   Plaintiff was subsequently hired by Defendants the City of New York and the New York City Police Department as a New York City Police Officer on January 20, 2004 and Defendants listed Plaintiff's start/hire date with same Defendants as January 20, 2004.

239.   On January 20, 2004, when Defendants listed Plaintiff start date as being January 20, 2004, Plaintiff, consistent with State and Federal Laws, was entitled and eligible to receive Retroactive Military Seniority Pension Credit based upon his Military Service pursuant to the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

240.   On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants were/are under a lawful obligation to comply with the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, with the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA),  relative to granting Plaintiff his entitled Retroactive Military Seniority Pension Credit but, to present date, have failed to do so.

241.    On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants knew and/or had reasons to know that Plaintiff was entitled and eligible to receive Retroactive Military Seniority Pension Credit based upon his Military Service pursuant to the New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010(USERRA).

242.    On or about January 20, 2004, prior thereto and continuing to present date and continuing, Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit and should have registered Plaintiff's employment/hire/start date with Defendants the City of New York and the New York City Police Department to be July 1, 2002; thereby rendering Plaintiff to all the benefits and entitlements with the New York City Police Pension Fund, to which he is duly entitled, as commencing on July 1, 2002.

243.    On or about January 20, 2004, Defendants the City of New York and the New York City Police Department should have, at that time, retroactively reflected that Plaintiff's hired/start date was July 1, 2002 as Defendants at that time knew and had reasons to know that Plaintiff was eligible and lawfully entitled to receive Retroactive Military Seniority Pension Credit but, despite knowing same, Defendants failed to do so and have continued to fail and refuse to do so throughout Plaintiff's employment with Defendants continuing to present date.

244.    On January 20, 2004, prior thereto and continuing to present date and continuing, it was due to the fact that Plaintiff was serving on Active Duty in the United States Military/Armed Forces, to wit:  the United States Army, that caused Plaintiff not to actually start, be hired and/or enter the New York City Police Academy on July 1, 2002 and, on January 20, 2004 and continuously to present date, Defendants knew and/or had reasons to know that  it was due entirely

to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from presenting himself for hire by Defendants the City of New York and the New York City Police Department and from entering the New York City Police Department Police Academy on July 1, 2002. Defendants knew and/or had reasons to know that it was due entirely to the fact that Plaintiff was on Active Duty Service in the United States Armed Forces that prevented Plaintiff from being eligible for and enjoying all of the benefits and entitlements of being a member/beneficiary of the New York City Police Pension Fund as of July 1, 2002.

245.    From on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and continuing to present date, Defendants have denied, and continue to deny to present date, Plaintiff's repeated requests to Defendants for Defendants to grant Plaintiff Retroactive Military Seniority Pension Credit based upon Plaintiff's Military Service and pursuant to New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

246.    From on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and continuing to present date, Defendants should have granted Plaintiff Retroactive Military Seniority Pension Credit and should have reflected Plaintiff's start/hire/entrance date of employment with Defendants the City of New York and the New York City Police Department as being July 1, 2002; thereby rendering Plaintiff eligible and entitled to receive and enjoy all rights, entitlements and benefits of/from Defendant the New York City Police Pension Fund.

247.    Plaintiff repeatedly and continuously requested from Defendants, from on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants and

continuing to present date, that Defendants grant Plaintiff his Retroactive Military Seniority Pension Credit and Plaintiff further continuously and repeatedly complained and/or registered complaints with Defendants as to Defendants' repeated and continuing unlawful denial to Plaintiff of Plaintiff's Retroactive Military Seniority Pension Credit in violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

248.    Plaintiff registered complaints with Defendants about Defendants' unlawful denial of his Retroactive Military Seniority Pension Credit when Plaintiff initially entered the New York City Police Department on or about January 20, 2204 and continuously throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020, but, to no avail as Defendants continue to unlawfully deny Plaintiff same including as recent as Defendants' denial on or about March 3, 2020.

249.    Despite Plaintiff's repeated and continuous requests of Defendants to grant Plaintiff his Retroactive Military Seniority Pension Credit, which Plaintiff requested when he was initially employed by the New York City Police Department and continued to request throughout Plaintiff's employment with the New York City Police Department, including as recent as on or about January 2020 and on or about February 18, 2020.  Continuing to present date, Defendants denied Plaintiff his Retroactive Military Seniority Pension Credit back at the time of Plaintiff's initial employment with the New York City Police Department and continuously throughout Plaintiff's employment with the New York City Police Department with a recent denial of March 3, 2020 and continuing to date - in repeated and continuing violation of New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, in

violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

250.    That at all relevant times herein mentioned, Plaintiff was entitled and remains entitled to his right to be credited with Retroactive Military Seniority Pension Credit for his military service or to an equated retirement date – the same Retroactive Military Seniority Pension Credit that, despite Plaintiff's repeated demands for same with/of/from Defendants, and despite Plaintiff's complaints to Defendants and to their respective chains of command about same, Defendants have and continue to unlawfully and continuously deny Plaintiff herein for his military service.

251.    That at all relevant times herein mentioned, Defendants' act in denying, and continuing to present date to deny, Plaintiff Retroactive Military Seniority Pension Credit is in violation of New York State Military Law Section 243(7)(7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA). Defendants' unlawful denial commenced on or about January 20, 2004, has continued to present date, is continuous from same date without interruption to the date of the commencement of the within Action and, is reasonably expected to continue without interruption into the foreseeable future.

252.    That at all relevant times herein mentioned, Defendants knew and/or had reasons to know that Defendants were and are under a lawful obligation to follow and adhere to applicable State and Federal laws that were and are enacted to protect Members of the United States Armed Forces like Plaintiff. Defendants further knew that, based on the documents that Plaintiff produced/provided to Defendants at the time that Defendants hired Plaintiff and based upon

Plaintiff's repeated requests for his entitled Retroactive Military Seniority Pension Credit from when Plaintiff first was hired by Defendants in on or about January 20, 2004 and continuing throughout Plaintiff's employment with Defendants, including as recent as January 2020 and on or about February 18, 2020, Defendants should have and were/are under a duty to retroactively document and credit Plaintiff with a hire/start date of July 1, 2002.

253.    In defiance of applicable State and Federal laws designed and intended to protect Members of the United States Armed Forces, which includes Plaintiff, prior to September 2014, Defendants did not have an established form or mechanism for New York City Police Officers such as Plaintiff, who had served on Active Duty Military Service in the United States Armed Forces and whose Military Service adversely affected the rights and privileges that Plaintiff otherwise would have received and was used by Defendants to deny Plaintiff the same Rights and Privileges that he was otherwise entitled to as a member of the New York City Police Department, to receive Retroactive Military Seniority Pension Credit.

254.    Due to Defendants' intentional refusal, defiance and unwillingness to comply with applicable State and Federal Laws which were enacted to protect some of the Rights and Privileges of Members of the United States Armed Forces, including Plaintiff, whose Active Duty Military Service adversely affected some of the rights and privileges that Plaintiff was entitled to, Plaintiff was not afforded any procedural means by Defendants by which Plaintiff could register formal complaints and/or compel Defendants to grant Plaintiff the Retroactive Military Seniority Pension Credit he was and remains entitled to; as Plaintiff's continuous and repeated requests for same and his registered complaints with Defendants/Defendants' chain of command about Defendants' continuous denial of same have been, since inception to present date, to no avail.

255.    After repeated complaints by Plaintiff and/or other Members of the New York City

Police Department who were members of the United States Armed Forces and/or former Members of the United States Armed Forces and who were entitled to receive Retroactive Military Seniority Pension Credit but were denied same by Defendants, PPF 47 was established as a result of the foregoing deficiency with the intent to rectify the foregoing as a means of assessing whether a New York City Police Officer who had served and/or was serving in the United States Armed Forces may be entitled to Retroactive Military Seniority Pension Credit.

256.    On or about 2014 to early 2015, at a New York City Police Department sponsored Military Seminar which was conducted by the New York City Police Pension Fund's General Counsel, Plaintiff learned that Defendants had failed to comply with the lawful legal obligation to comply with applicable State and Federal Laws to protect Active Duty Service Members in the New York City Police Department, including Plaintiff, who were adversely impacted in retroactively attaining their entitled and earned seniority credit, and had further learned that Defendants had then designed a process of assessing whether Plaintiff and other New York City Police Officers similarly situated as Plaintiff were denied Retroactive Military Seniority Pension Credit.

257.    On or about 2014 or early 2014, Plaintiff, through his own initiative, applied for and obtained a favorable determination by the New York City Department of Citywide Services (DCAS) who informed Plaintiff, in or about February 2015, that his request regarding a determination of his rights under Section 243 of the New York State Military Law had been reviewed and approved. In or about February 2015, DCAS further advised Plaintiff that his name was placed on a special military list for the above-mentioned examination and that he would be assigned a retroactive seniority of July 1, 2002; this retroactive seniority date is used to the purpose of computing seniority credit, training and experience credit for promotion and seniority in the

event of suspension or demotion. DCAS further advised Plaintiff that Defendants the New York City Police Department and the New York City Police Pension Fund would be notified of his approved retroactive seniority date of July 1, 2002.

258.    Plaintiff    submitted    the    foregoing    February    2015    DCAS notification/advisement/approval to the New York City Police Department Military Extended Leave Desk (MELD) on or about March 2, 2015, where Plaintiff personally hand delivered same to the New York City Police Pension Fund and, further, Plaintiff personally filled out the required forms to request Retroactive Military Seniority credit in April of 2015.

259.    From prior to the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, at the commencement of Plaintiff's employment with Defendants the City of New York and the New York City Police Department, throughout Plaintiff's employment with Defendants the City of New York and the New York City Police Department, and continuing to date, and without this Court's intervention it is expected to continue into the foreseeable future, Defendants have consistently subjected Plaintiff to discriminatory and disparate treatment in violation of both the New York State Constitution and the Constitution of the United States of America based upon: the fact that Plaintiff was a member of the United States Armed Forces prior to Plaintiff entering the New York City Police Department; the fact that Plaintiff is a member of the United States Military Reserves, and, based upon Plaintiff's continued service in the United States Army Reserves.

260.    That at all relevant times herein mentioned, Plaintiff complained and registered complaints about the foregoing discriminatory and disparate treatment, and about the unlawful denials of his entitled Retroactive Military Seniority Pension Credit and/or to an equated retirement date, to/with Defendants the City of New York, the New York City Police Department, to

Plaintiff's Chain of Command in the New York City Police Department and to the New York City Police Pension Fund, but, to no avail.

261.    Thereafter, recognizing that Defendants had not complied with granting him his entitled Retroactive Military Seniority Pension Credit, and after Plaintiff had not received from Defendants his entitled credit and/or confirmation of his Retroactive Military Seniority Pension Credit, Plaintiff personally made repeated follow-up visits to Defendant the New York City Police Pension Fund, including as recent as January 2020, where Defendants informed Plaintiff that Plaintiff's request for Retroactive Military Seniority Pension Credit, even though approved by DCAS, was/is being held without action or formal decision, as is being held for other New York City Police Officers similarly situated as Plaintiff, and that the decision by Defendants not to act on Plaintiff's request was pursuant to Executive Decision by Defendants.

262.    In or about March of 2019, Plaintiff forwarded the foregoing DCAS approval, via certified mail return receipt requested with tracking number 951081-4887759058427701, to the Director of Defendant the New York City Police Pension Fund and, in addition to the foregoing, Plaintiff continuously and repeatedly made follow-up visits with Defendants and specifically with Defendant the New York City Pension Fund, including as recent as January and February of 2020 to request and demand his Retroactive Military Seniority Pension Credit and to register complaints about Defendants' continuous and repeated denial of same to Plaintiff.   Despite DCAS' Retroactive Military Seniority Pension Credit approval, despite Plaintiff's repeated requests and demands for same, and despite Plaintiff's complaints about Defendants' continuous and repeated denials of same, Defendants continue to present date to unlawfully deny Plaintiff his lawful entitlement to Retroactive Military Seniority Pension Credit and/or to an equated retirement date.

263.    Based upon information and belief, there are hundreds and potentially thousands of

current and/or former New York City Police Officers similarly situated as Plaintiff who are and/were unlawfully denied and/or are currently being denied their respective Retroactive Military Seniority Pension Credit in violation of New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

264.    Based upon information and belief, Defendants did not establish, do not have and do not intend to establish or have a policy and/or procedure of identifying and/or notifying former and/or current New York City Police Officers who were adversely affected by same Defendants' intentional failure to follow applicable State and Federal laws of granting Retroactive Military Seniority Pension Credit to former and/or current New York City Police Officers, like Plaintiff, who are entitled to same and who are/were adversely affected by Defendants' violations of New York State Military Law Sections 243(7) and (7b) supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 and in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994 as Amended in 2010 (USERRA).

265.    Defendants knew, had reasons to know and were informed by Plaintiff as early as on or about January 20, 2004 and continuously to present date, including as recent as January and/or February of 2020, that Plaintiff was entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff his entitled Retroactive Military Seniority Pension Credit.

266.    Based upon information and belief, Defendants are aware, have actual and constructive notice of, have identified, should be aware of and/or are readily capable of identifying those current and former New York City Police Officers, like Plaintiff and like those who are

similarly situated to Plaintiff herein, who are lawfully entitled to and eligible to receive Retroactive Military Seniority Pension Credit but, despite same, Defendants have continuously denied Plaintiff, as well as other New York City Police Officers similarly situated as Plaintiff, his/their entitlement to his Retroactive Military Seniority Pension Credit.

267.    After Plaintiff complained to Defendants that Plaintiff was being denied his Retroactive Military Seniority Pension Credit, in response to same, and in addition to continuing to deny him his entitled Retroactive Military Seniority Pension Credit, Defendants subjected Plaintiff to unlawful retaliation in that Defendants, acting in concert each with the other and within the scope of their employment, embarked upon a systematic and coordinated effort to deny Plaintiff his right to the enjoyment of life, to wit:   Defendants denied Plaintiff's transfer requests to more suitable and/or preferable duty assignments within the New York City Police Department; denied Plaintiff leave requests, denied Plaintiff overtime requests and otherwise denied Plaintiff a non-hostile work environment.

268.    That at all relevant times herein mentioned, Defendants the City of New York, the New York City Police Department and the New York City Police Pension Fund unlawfully and discriminatorily denied Plaintiff's Retroactive Military Seniority Pension Credit in violation of: New York State Military Law Section 243(7)(7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18, as well as, in violation of the Uniformed Services Employment and Re-Employment Rights Act of 1994, as Amended in 2010 (USERRA), based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

269.    That at all relevant times herein mentioned, Defendants acted with deliberate indifference to the rights of Plaintiff and/or unlawfully subject Plaintiff to disparate treatment

based upon Plaintiff's original entry into the United States Armed Forces and based upon the Plaintiff's continued service in the United States Armed Forces.

270.    Defendants, their servants, agents and/or employees unlawfully denied Plaintiff his rights to Plaintiff Retroactive Military Seniority Pension Credit herein based upon Plaintiff's original service in the United States Military, based upon Plaintiff's service in the United States Army Reserves, based upon Plaintiff's continued service in the United States Armed Forces and/or in unlawful retaliation against Plaintiff because he exercised his right to register complaints with Defendants as to the foregoing.

271.    That at all relevant times herein mentioned, Defendants should have retroactively documented Plaintiff's date of hire/start date/entrance with the Defendants the City of New York and the New York City Police Department as being July 1, 2002 instead of January 20, 2004.

272.    That at all relevant times herein mentioned, Defendants unlawfully denied Plaintiff his Retroactive Military Seniority Pension Credit based upon Plaintiff's service on Active Duty Service in the United States Army, based upon Plaintiff's service in the United States Army Reserves and based upon Plaintiff's continued service in the United States Armed Forces.

273.    That at all relevant times herein mentioned, Defendants' denial of Plaintiff 's entitled Retroactive Military Seniority Pension Credit is in retaliation by Defendants against Plaintiff because Plaintiff exercised his right  to register complaints with Defendants for failing to grant Plaintiff his Retroactive Military Seniority Pension Credit.

274.    That Defendants have refused and/or declined, to present date, to grant Plaintiff Retroactive Military Seniority Pension Credit that Plaintiff is lawfully entitled to because of Plaintiff's service in the United States Armed Forces.

275.    Defendants' unlawful, discriminatory, retaliatory, abusive, disparate and/or hostile conduct/work environment and unlawful disparate treatment against Plaintiff because of Plaintiff's military service is in violation of New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

276.    Defendants, their officers, agents, servants, and/or employees, are responsible for the intentional and unlawful/discriminatory/hostile/retaliatory/disparate acts, conduct, treatment, practices and /or policies, and for creating and/or fostering a hostile work environment, against Plaintiff based upon Plaintiff's military service and, as such, are liable and responsible for the damages Plaintiff suffered/sustained and continues to suffer/sustain therefrom.

277.    Defendants, their officers, agents, servants, and/or employees are/were, at all relevant times herein mentioned, acting within the scope of their employment in discriminating against Plaintiff due to Plaintiff's military service.

278.    Defendants are liable for Defendants' intentional, unlawful, discriminatory, hostile, disparate and/or retaliatory acts, conduct, treatment, practices and/or policies against Plaintiff because of Plaintiff's military service.

279.    That during the course of his employment, Plaintiff engaged in the protected activity of registering complaints to Defendants about the hostile and unlawful work environment/conditions, including complaints about the unlawful denial by Defendants of Plaintiff's Retroactive Military Seniority Pension Credit, with Plaintiff's last complaint being made before and subsequent to each and every unlawful act of mistreatment by Defendants towards Plaintiff because of Plaintiff's military service.

280.    Defendants, their officers, agents, servants, and/or employees unlawfully discriminated in the workplace against Plaintiff because of Plaintiff's military service.

281.    Defendants knew of said Defendants' unlawful, discriminatory, disparate, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against Plaintiff due to Plaintiff's military service and/or, had same Defendants exercised due diligence/care, they would have discovered same.

282. Defendants failed to take remedial and/or corrective action to address the unlawful, retaliatory, disparate and discriminatory practices Defendants caused to be visited upon Plaintiff because Plaintiff was and is a member of the United States Armed Forces.

283.    Defendants unlawfully created and/or fostered a discriminatory, disparate, retaliatory, hostile and/or abusive work environment against Plaintiff based upon Plaintiff being a member of the United States Armed Forces.

284.    Defendants the City of New York, the New York Police Department and the New York City Police Pension Fund are liable for said Defendants' intentional, unlawful, disparate and discriminatory acts, conduct, treatment, practices and/or policies that were intentionally, hostilely, unlawfully and discriminatorily applied to Plaintiff because Plaintiff is a member of the United States Armed Forces.

285.    Defendants knew of the unlawful, discriminatory, disparate, retaliatory, hostile and/or abusive acts, conduct, treatment, practices, and/or policies against Plaintiff because Plaintiff is and was a member of the United States Armed Forces and/or, had Defendants exercised due diligence/care, they would have discovered same.

286.    That at all relevant times herein mentioned, Defendants' conduct, actions and/or omissions were intentional and willful violations of New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

287.    As a direct and proximate result of Defendants' actions, inactions, conduct, failures, omissions and violations herein and, as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein including, but not limited to: loss of income, loss of entitlement, loss of title/rank/position, loss of benefits, loss of pension, loss of pension credit, loss of Retroactive Military Seniority Pension Credit, loss of seniority, loss of equated retirement date and/or is otherwise damaged and continues to be damaged to present date.

2688    As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiff has suffered and continues to suffer mental anguish, loss of the enjoyment of life deprivation of his civil rights and loss of income, retirement benefits, pension benefits, rights and/or privileges.

289.    As a direct and proximate result of Defendants' conduct and omissions, Plaintiff suffered and continues to suffer the following injuries and/or damages:

a.    Damage to and/or loss of title, position, promotion, salary, pension and/or retirement benefits;

b.    Actual monetary losses in an amount directly resulting from Defendants' violation of New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18 in excess of the jurisdictional amount herein, to wit: approximately ONE MILLION DOLLARS ($1,000,000.00);

c.    Post-judgment interest on all sums, including attorneys' fees and costs, awarded in this action;

d.    Deprivation of his entitled Retroactive Military Seniority Pension Credit as

Defendants' conduct was, is and continues to be an intentional and willful violation of New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18; and

  e.  Compensatory, Consequential, liquidated and all other damages within the meaning of and pursuant to New York State Military Law Sections 243(7) and (7b), supported by Title 20 Part 1002: Code of Federal Regulations Section 1002.18.

  290.  That as a direct and proximate result of the foregoing, Plaintiff claims damages herein.

  291.  Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF NEW YORK HUMAN RIGHTS LAW, NEW YORK EXECUTIVE LAW ARTICLE 15 AND NEW YORK EXECUTIVE LAW SECTIONS 290-297.

  292.  Plaintiff repeats, re-alleges, reiterates and reasserts each and every allegation and factual allegation contained in paragraphs of the Complaint numbered "1" to "291" as if more fully set forth at length herein.

  293.  That at all relevant times herein mentioned, Defendants are an employer within the meaning of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

  294.  That at all relevant times herein mentioned, Plaintiff is an employee within the meaning of the New York Human Rights Law, New York Executive Law Article 15 and New York Human Rights Law Sections 290-297.

295.    Plaintiff's race, color and/or national origin are protected classes under, pursuant to and/or as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

296.    At the time Plaintiff started his employment with Defendants, and continuing during and throughout Plaintiff's employment with Defendants, Plaintiff engaged in the protected activity as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297, of registering complaints with Defendants about Defendants' repeated and continuing denials of Plaintiff's Retroactive Military Seniority Pension Credit and about the hostile, discriminatory and disparate treatment environment at the workplace.

297.    At the time Plaintiff started his employment with Defendants, and continuing during and throughout Plaintiff's employment with Defendants, Plaintiff engaged in the protected activity and exercised his right, as defined by the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297, of registering complaints with Defendants about the Defendants subjecting Plaintiff to a hostile work environment/conditions, that Defendants were/are discriminating against him based upon his race, color and/or national origin, that Defendants were/are discriminating against him because of his military service, that Defendants were/are unlawfully denying him his Retroactive Military Seniority Pension Credit, and, that Defendants retaliated against Plaintiff and continue to retaliate against Plaintiff for registering complaints about the foregoing and, despite Plaintiff's repeated and continuous complaints, Defendants continue to unlawfully deny Plaintiff his Retroactive Military Seniority Pension Credit and continue to subject Plaintiff to unlawful disparate treatment and a hostile work environment.

298.    As set forth above, Defendants unlawfully discriminated against Plaintiff, denied the Plaintiff Retroactive Military Seniority Pension Credit created and/or fostered a hostile work environment based upon his race, color and/or national origin, based upon his service and continued service in the United States Armed Forces, unlawfully subjected Plaintiff to disparate treatment and/or punishment and further unlawfully retaliated against Plaintiff for engaging in protected activity and, as such, are liable for their intentional and willful violations of the New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law Sections 290-297.

299.    Defendants' conduct was an intentional and willful violation of New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law/Human Rights Law Sections 290-297.

300.    Pursuant to 28 U.S.C. Section 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

301.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and/or damages:

a.    Damage to his title, position, promotion, salary, pension and/or retirement benefits;

b.    Actual monetary losses directly resulting from Defendants' violation of New York Human Rights Law, New York Executive Law Article 15 and New York Executive Law/Human Rights Law Sections 290-297 in an amount in excess of the jurisdictional limits herein;.

c.    Post-judgment interest on all sums, including attorneys' fees and costs awarded in this action;

d.    Compensatory, consequential and liquidated damages within the meaning of and pursuant to New York Human Rights Law, New Executive Law Article 15 and New York Executive Law Sections 290-297.

302.    That as a direct and proximate result of all of the foregoing, Plaintiff claims damages herein.

## DAMAGES

303.    As a direct and proximate result of all the foregoing acts, conduct, failures and/or omissions of Defendants', Plaintiff sustained and suffered the following:

(a) Violation of Plaintiff's rights and privileges as secured by/under/pursuant to the Uniform Services Employment and Re-Employment Rights Act, 38 U.S.C. Sections 4301-4333, as Amended in 2010 (USERRA);

(b)    Violation of Plaintiff's rights as secured by/under/pursuant to Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991, 42 USC Sections 1981, 1981(a) and 2000, 2000(e), 2000(e)(3), 2000(e)-2(a)(1), *et. seq.;*

(c)    Violation of Plaintiff's rights as secured by/under/pursuant to the Fourteenth Amendment of/to the United States Constitution;

(d)    Violation of Plaintiff's rights as secured by/under/pursuant to 42 USC Section 1983 precluding Defendants' Conspiracy;

(e)    Violation of Plaintiff's rights as secured by/under/pursuant to 42 USC Section 1983 for Defendants' *Monel* violations;

(f)    Violation of Plaintiffs' rights and privileges as secured by/under/pursuant to New York State Military Law Sections 243(7) and 243(7b), supported by Title 20, Part 1002: Code of Federal Regulations Section 1002.18;

(g)     Violation of Plaintiff's rights as secured by/under/pursuant to the New York State Human Rights Law, N.Y. Executive Law Article 15 and New York Executive Law Sections 290-297;

(h)     Economic damages including, but not limited to: loss of income, salary, raises, benefits, promotion, title, rank, wages, pension, military service credit, Retroactive Military Seniority Pension Credit, loss of equated retirement date, retirement benefits, pension benefits and/or other related economic and monetary damages;

(i)     Costs, expenses, disbursements and attorneys' fees;

(j)     Other related and consequential economic and monetary damages; and

(k)     Emotional distress (intentional and negligent), mental anguish, shock, anxiety and stress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff POLICE OFFICER VINCENT PINTO requests the following relief, jointly and severally, as against all Defendants:

1.      Award compensatory damages in the amount of One Million Dollars ($1,000,000.00) for each of Plaintiff's First, Third, Fifth and Sixth Causes of Action herein;

2.      Award compensatory damages in an amount to be determined at trial for each of Plaintiff's Second, Fourth and Seventh Causes of Action herein;

3.      Award any and all compensatory, consequential and/or liquidated damages under/pursuant to USERRA, Title VII of the Civil Rights Act, the Fourteenth Amendment to the U.S. Constitution, the New York State Military Law Sections 243(7) and 243(7b), supported by Title 20, Part 1002: Code of Federal Regulations

Section 1002.18 and the New York State Human Rights Law, N.Y. Executive Law Article 15 and New York Executive Law Sections 290-297;

4.      Specific Performance by Defendants to grant Plaintiff his duly entitled Retroactive Military Seniority Pension Credit;

5.      Injunctive Relief enjoining Defendants from discriminating against Plaintiff and from unlawfully denying Plaintiff his Retroactive Military Seniority Pension Credit;

6.      Any and all other related retirement and pension benefits, income, salary, wages, privileges, promotion, title, rank, military service credit and/or equated retirement date;

7.      Disbursements, costs and attorneys' fees; and

8.      For such other further relief to this Court may seem just and proper.

**ALL CONDITIONS PRECEDENT HAVE BEEN MET, PERFORMED AND/OR HAVE OCCURRED AND/OR HAVE BEEN WAIVED.**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated:      Jamaica, New York
December 3, 2020

Yours, etc.,

STEPHEN L. DRUMMOND (SLD 7359)
Drummond & Squillace, PLLC
Attorneys for Plaintiff
POLICE OFFICER VINCENT PINTO
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-5050(fax)
sdrummond@dswinlaw.com

## ATTORNEY'S VERIFICATION

STEPHEN L. DRUMMOND, an attorney duly admitted to practice before the Courts of the State of New York and before the Eastern and Southern Districts of New York of the United States District Court, affirms the following to be true under the penalties of perjury:

1.      I am an attorney at DRUMMOND & SQUILLACE, PLLC, attorneys of record for Plaintiff. I have read the annexed **SUMMONS IN A CIVIL ACTION and COMPLAINT AND JURY DEMAND** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files and discussions with Plaintiff.

2.      This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

DATED:      Jamaica, New York
               December 3, 2020

STEPHEN L. DRUMMOND (SLD 7359)

Docket No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------------------------X
POLICE OFFICER VINCENT PINTO, IN HIS INDIVIDUAL CAPACITY AND ON BEHALF
OF CURRENT AND FORMER NEW YORK CITY POLICE OFFICERS SIMILARLY
SITUATED AND AGGRIEVED BY THE DEFENDANTS,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW
YORK CITY POLICE PENSION FUND, "ABC AGENCIES/ENTITIES", names being
fictitious intended to be agencies, departments, subsidiaries, companies, organization, affiliates,
associations and/or entities of THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT and/or THE NEW YORK CITY POLICE PENSION FUND, AND/OR "JOHN
DOES" and "JANE DOES", names being fictitious intended to be
officers/representatives/agents/servants/employees of THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT and/or THE NEW YORK CITY POLICE PENSION
FUND, individually and in their respective official capacities,

Defendants,

--------------------------------------------------------------------------------------------------X

## SUMMONS IN A CIVIL ACTION AND COMPLAINT AND JURY DEMAND

**DRUMMOND & SQUILLACE, PLLC**
*Attorneys for Plaintiff*
**VINCENT PINTO**
**175-61 Hillside Avenue, Suite 205**
**Jamaica, NY 11432**
**(718) 298-5050; (718) 298-5554(fax)**
